Raymond JIMENEZ, Plaintiff,

v.

Lawrence W. PIERCE, Henry Brill, Santiago Grevi, Arthur J. Rogers, Weldon H. Smith, Commissioner of Correction McGrath, J. P. Conboy, Mr. La Polt, Defendants.

No. 70 Civ. 1462 D.N.E.

United States District Court,
S. D. New York.

July 14, 1970.

Raymond Jimenez, pro se.

Louis J. Lefkowitz, Atty. Gen., by Robert S. Hammer, New York City, for defendants.

MEMORANDUM

EDELSTEIN, District Judge.

This is a motion by the Attorney General of New York to dismiss this action pursuant to Fed.R.Civ.P. 12 (b) (3) for improper venue, or, in the alternative, to transfer this action to a district in which venue properly lies, pursuant to 28 U.S.C. § 1406(a). While the precise basis of federal jurisdiction is not clearly spelled out in the *pro se* complaint, it would appear that plaintiff's claim is based in part, at least, upon 42 U.S.C. § 1981 et seq. and 28 U.S. C. § 1343,[1] for which the applicable venue

---

1. Under the heading of "Jurisdiction," the complaint alleges that "[T]he equitable jurisdiction of this Court is invoked under Title 42, Section 1890 et seq., United State Code and further under the auspices of the Civil Rights Act, in that petitioner plaintiff herein is subjected to invidious discrimination and cruel and inhuman treatment by the [named defendants]." As thus predicated by plaintiff, this

provision is found in 28 U.S.C. § 1391 (b):

> "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

First, no other law is here applicable with regard to venue under the foregoing sections of the United States Code. *Accord,* Sutton v. City of Philadelphia, 286 F. Supp. 143, 145 (S.D.N.Y.1968). Secondly, from the addresses at which the United States Marshal was requested by plaintiff to effectuate service of the summons and complaint, it appears that at least two and possibly three of the named defendants—McGinnis,[2] Conboy and La Polt,—do not reside in the Southern District of New York. Plaintiff, who is presently confined to the Great Meadow Correctional Institute ("Great Meadow") in the Northern District of New York,[3] argues in both his first and second reply papers that venue is proper here because the claim arose in this district and not in the Northern District of New York, as the Attorney General contends.

Plaintiff's argument hinges on the location here of the headquarters of the Narcotic Addiction Control Commission ("N.A.C.C."), which, plaintiff asserts, actually directs the acts and practices of which plaintiff complains. These acts include, *inter alia,* that plaintiff is confined to a cell sixteen to eighteen hours per day; that his "therapy" is provided by prison guards rather than therapeutic counsellors; that his mailing privilege—both incoming and outgoing mail—is greatly restricted; that his telephone privilege is also greatly restricted; that he is fearful of the use of the "strip cell" and "the box;" that his clothing is inadequate; and that he is served "prison food" rather than a balanced diet. Plaintiff contends that these acts amount to inhuman treatment and are discriminatory in that plaintiff is treated as a convict rather than as a narcotic addict certified to the care and custody of the N.A.C.C. While it is true that the N.A.C.C. is empowered by the New York Mental Hygiene Law to prescribe regulations for the treatment of addicts certified to its care and custody,[4] plaintiff has failed to point to any regulation promulgated

---

court's jurisdiction is questionable. First, 42 U.S.C. § 1890 has no textual content and is "Reserved for Future Legislation;" second, 42 U.S.C. §§ 1891–92 relates to grants for support of scientific research; and third, there are no sections 1894–1899 under Title 42. However, in view of the *pro se* nature of the complaint, of the possible violations of the "Civil Rights Act"—42 U.S.C. § 1981 et seq., and its jurisdictional counterpart, 28 U.S.C. § 1343—and of the silence on this point by the Attorney General, for the purposes of this motion the Court disregards plaintiff's imprecision and treats the complaint as being grounded upon 42 U.S.C. § 1981 and 28 U.S.C. § 1343.

2. Service of the summons and complaint was effected upon Paul R. McGinnis at Albany, New York, and upon J. P. Conboy and Charles LaPolt at Comstock, New York, outside the Southern District of New York, 28 U.S.C. § 112(a). The designation in the complaint and all succeeding papers thus far served in the action of George F. McGrath, New York

*City* Commissioner of Correction, rather than of Paul R. McGinnis, New York *State* Commissioner of Correction, appears to be an unintentional error. Plaintiff, confined in Great Meadow, a state institution, falls under the jurisdiction of Comm. McGinnis, upon whom plaintiff himself directed service of the summons and complaint, and to whom plaintiff apparently meant to refer in the "Fourth Statement" of his "Application for Amend."

3. Great Meadow is located in Comstock, New York, in the county of Washington, which, in turn, lies in the Northern District of New York. 28 U.S.C. § 112(a).

4. Mental Hygiene Law § 211. *Care, custody and supervision of narcotic addicts.*
   1. "The commission shall establish regulations and standards for custody, release, aftercare and aftercare supervision of narcotic addicts who have been certified to its care and custody pursuant to any subdivision of this article."

by the N.A.C.C. which prescribes or directs those acts of which plaintiff complains. In point of fact, the Mental Hygiene Law expressly provides for the *uniform* treatment of addicts, without distinguishing between those who are accused or convicted of a crime and those who are not.[5] In the absence of any affirmative showing by plaintiff that the N.A.C.C. has itself mandated the acts and practices complained of, and in view of the plain wording of the Mental Hygiene Law, this court, with all due appreciation for the gravity of plaintiff's charges, is not at all persuaded that the claim arose in this district. But even conceding *arguendo* the substance of plaintiff's argument, the issue of whether the claim arose in this district would still be in doubt. All of the numerous activities of which plaintiff complains occurred in the Northern District of New York, and, upon the facts here, the weight of contacts appears to exist there. *Cf.* Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 291 F.Supp. 252, 260 (E.D.Pa. 1968); *also*, Rosen v. Savant Instruments, Inc., 264 F.Supp. 232, 237 (E.D. N.Y.1967).

■ Given the fact that the action is being prosecuted without the assistance of counsel, and that the alleged misconduct is of an extremely serious nature, this court declines to impose the severe penalty of dismissing the action, but rather directs that the case be transferred to the Northern District of New York, where it might originally have been brought. Transfer, not dismissal, will best serve the interests of justice. See 1 Moore's Federal Practice (2d ed.), 1909 (1964).

So ordered.

5. Mental Hygiene Law § 200. *Declaration of Purpose*

    *     *     *     *     *

3. "[The comprehensive program provided by this article] applies to addicts who are not accused of crime, as well as addicts accused or convicted of crimes." Further, a narcotic addict is defined in Mental Hygiene Law § 201 subdivision (2) without regard to accusations of or convictions for criminal activity.