**Alfred WEIL, on behalf of himself and all other employees of the New York State Department of Transportation, who were terminated effective June 30, 1975, Plaintiffs,**

v.

**NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Defendants.**

**No. 75 Civ. 3022 KTD.**

United States District Court,
S. D. New York.

June 30, 1975.

Mangold & Mahar, Poughkeepsie, N. Y., for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for defendants; Gabriel I. Levy, Asst. Atty. Gen., of counsel.

### OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

By this action the plaintiff seeks to void his layoff and that of others in Region 8 of the New York State Department of Transportation mandated by certain budget cuts imposed by the economic situation in the state. The plaintiff has complained that the proposed layoffs due at the close of business June 30, 1975, were made in violation of the United States Constitution and the New York State Civil Service Law. The plaintiff has requested that this matter be considered as a class action under Rule 23 of the Fed.R.Civ.P. and that a three judge court be convened pursuant to Section 2284 of Title 28, U.S.Code, to declare certain provisions of the New York State Civil Service Law rules and regulations as applied are unconstitutional. Plaintiff also seeks a temporary restraining order to forestall the layoffs.

The Attorney General of the State of New York has moved for a change of

venue to the Northern District of New York since all of the named defendants * have official residences in Albany, which is the capital of the State of New York and is located in that District.

Since the Attorney General has persisted in his "venue" claim, that is the first question to be addressed. At the hearing on the request for a temporary restraining order the parties (with the aid of the Court) stipulated certain facts which along with certain admissions contained in the papers of the Attorney General of the State of New York are sufficient for me to dispose of this motion.

The venue statute governing this type of case is clear. 28 U.S.C. § 1391(b) provides:

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

No special venue statute governs this type of action. *Jimenez v. Pierce,* 315 F.Supp. 365 (S.D.N.Y.1970).

It is conceded that the names of those who are to be laid off were recommended by the resident engineer at each facility and that these recommendations could be accepted or rejected by the Commissioner in Albany; that the Commissioner rejected certain recommendations for layoffs and that the notices of layoff were sent out from Albany to those designated to be cut from the payroll.

On the other hand, the plaintiff and those he seeks to represent received their notices of termination in the Southern District of New York, and for this reason he claims that venue properly lies in this District.

There is nothing totally in point as far as precedents to which I have been referred by the parties.

■ The purpose of the venue statute (28 U.S.C. § 1391) is to provide a convenient forum for trial balancing the equities and fairness to each party. In a case involving the New York State Retirement System Judge Judd held:

"[T]he locus of this action was Albany where the decision was made and implemented and not the various localities where retired persons received checks [through the mail]." *New York State Employees Retirement Association, et al. v. New York State Employees Retirement System* (E.D. N.Y.1973) 73 Civ. 1066.

■ In other cases courts have used the "weight of contacts" test to determine proper venue. *Honda Associates, Inc. v. Nozawa Trading, Inc.,* 374 F. Supp. 886 (S.D.N.Y.1974). In the case at bar the clear weight of the contacts is in Albany, which is located in the Northern District of New York. There the determination was made as to the number and identity of those to be laid off. If there was any violation of plaintiff's rights it occurred there. Moreover, that is the situs where the defendants perform their official duties. Cf. *O'Neill v. Battisti,* 472 F.2d 789, 791 (6th Cir. 1972), *cert. denied,* 411 U.S. 964, 93 S. Ct. 2142, 36 L.Ed.2d 685 (1973).

It is clear to me that venue lies properly in this matter in the Northern District of New York. The United States Code provides that in this type of case this Court may " . . . in the interest of justice, transfer such case to any district or division in which it could have been brought." (28 U.S.C. § 1406(a)).

Accordingly, it is ordered that this cause be transferred to the Northern

---

* A motion was made at argument to include the individuals who make up the Department of Civil Service and also Louis J. Lefkowitz, the Attorney General of the State of New York. The motion was granted and the Assistant Attorney General accepted service for all the individuals.

District of New York and that the Clerk of this Court shall take all necessary steps as soon as possible to effectuate such transfer.

So ordered.