**SINWELL, William, et al., Appellants,**

v.

**Governor Milton SHAPP, Governor of Pennsylvania, et al., Appellees.**

**No. 75–2252.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) April 8, 1976.

Decided May 25, 1976.

---

William J. Sinwell, pro se.

Glenn F. Gilman, J. Andrew Smyser, Deputy Attys. Gen., Robert P. Kane, Atty. Gen., Harrisburg, Pa., for appellees.

Before CLARK, Associate Justice,* and GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

### I

Plaintiffs sought to raise in the district court certain constitutional challenges to a Pennsylvania Bureau of Corrections Administrative Directive pertaining to "Behavioral Adjustment Units."[1] The district court denied their request for leave to proceed in forma pauperis, and plaintiffs have appealed from that ruling. On October 28, 1975, a panel of this court granted leave to pursue the appeal in forma pauperis.[2] The decision appealed from is a final order under 28 U.S.C. § 1291. *Roberts v. United States District Court*, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950) (per curiam).

The district court's denial of leave to proceed in forma pauperis was based on a

---

\* United States Supreme Court, Retired, Sitting by Designation

1. The Administrative Directive in question is No. 801, dealing with the curtailment of privileges for misconduct.

2. C.A.Misc. No. 75-8182.

conclusion that venue was not proper in the district.

> We do not reach the merits of the plaintiffs' case because venue is not properly laid in this district. For that reason leave to proceed in forma pauperis will be denied.

Order of July 8, 1975, Civil No. 75–780, M.D.Pa. There is no mention in the order of the existence or sufficiency of submissions to the court relating to plaintiffs' financial resources.

## II

Given this posture of the case, we have no occasion to consider the merits of plaintiffs' claims. We need only note that the complaint is based on the Civil Rights Act, 42 U.S.C. §§ 1981 et seq., and that that statute contains no special venue provision. The district court therefore properly referred to the general venue provisions of 28 U.S.C. § 1391(b).[3] That section, since its amendment in 1966, offers two possible bases for venue:

1) the residence of all defendants in the district;

2) a claim arising within the district.

In the present case, defendants (various prison officials and other state government officers) do not all reside in the Middle District, and the district judge correctly rejected possibility 1). He also concluded that "there is no indication that the claims which are presented in this complaint arose in the Middle District," apparently because some of the plaintiffs were incarcerated in other districts.[4] While we believe that this conclusion is not entirely free from doubt,[5] our disposition of the following point makes it unnecessary to decide the question.

On appeal, the court's attention has been drawn to the possible applicability of 28 U.S.C. § 1392(a),[6] dealing with venue in multi-district states. Where, as here, all defendants reside within the state but in different districts, § 1392(a) permits venue in any district where one or more defendants reside. *Mothers and Childrens Rights Organization, Inc. v. Stanton*, 371 F.Supp. 298 (N.D.Ind.1973).

> For those states containing more than one district, subsection (a) of § 1392 makes an exception to § 1391 to provide for the situation where there are multiple defendants, in a transitory civil action, who reside in different districts of the same state. In such case plaintiff has a choice of venue of any one district of the state where any of the defendants reside.

---

**3.** 28 U.S.C. § 1391(b) Venue generally:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

**4.** Plaintiffs' brief on appeal states that two of the original six plaintiffs are now deceased. However, it is clear that at least some of the remaining four plaintiffs are confined outside the Middle District.

**5.** In *Jimenez v. Pierce,* 315 F.Supp. 365 (S.D.N. Y.1970) plaintiff was confined in the Northern District of New York and at least some of the defendants lived outside the Southern District. Plaintiff argued that venue was nevertheless proper under the "claim arising" provision of § 1391(b) because the Commission which allegedly directed the acts complained of was headquartered in the Southern District. The court rejected this argument, noting that

plaintiff has failed to point to any regulation promulgated by the [Commission] which prescribes or directs those acts of which plaintiff complains. . . . In the absence of any affirmative showing by plaintiff that the [Commission] has itself mandated the acts and practices complained of . . . this court . . . is not at all persuaded that the claim arose in this district. But even conceding *arguendo* the substance of plaintiff's argument, the issue of whether the claim arose in this district would still be in doubt.

315 F.Supp. at 366–67. Since plaintiffs here are making a direct attack on a specific regulation, the question reserved in *Jimenez* as "in doubt" is presented.

**6.** 28 U.S.C. § 1392(a). Defendants or property in different districts in same State:

Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts.

1 J. Moore, Federal Practice ¶ 0.143[1] at 1452.[7] Since some of the present defendants reside in the Middle District of Pennsylvania, we must conclude that the district court erred as a matter of law in determining that venue was improper in the Middle District.

### III

Even if venue *had* been improperly laid, we could not agree that the district court acted within its discretion in refusing to permit the plaintiffs to proceed in forma pauperis.

Proceedings in forma pauperis are governed by 28 U.S.C. § 1915.[8] § 1915(a) requires that an applicant "[make] affidavit that he is unable to pay such costs or give security therefor," state the nature of the claim, and profess a belief that he is entitled to relief. No other conditions on the

authorization of in forma pauperis proceedings are set forth.

We recognize that the case law reflects a divergence of opinion as to whether leave to proceed in forma pauperis may properly be denied on the ground that the action is frivolous. *Compare, e. g., Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, Wisconsin,* 510 F.2d 130 (7th Cir. 1975); *Loum v. Underwood,* 262 F.2d 866 (6th Cir. 1959) (answering question in the affirmative), *with Watson v. Ault,* 525 F.2d 886 (5th Cir. 1976);[9] *Forester v. California Adult Authority,* 510 F.2d 58 (8th Cir. 1975); *Duhart v. Carlson,* 469 F.2d 471 (10th Cir. 1972); *Brown v. Schneckloth,* 421 F.2d 1402 (9th Cir. 1970); *Fulwood v. Clemmer,* 111 U.S.App.D.C. 184, 295 F.2d 171 (1961) (answering in the negative). Of course, since § 1915(d) allows the district court to dismiss the complaint, once filed, as "frivolous or malicious," the practical im-

---

**7.** *Jimenez, supra* n. 5, is arguably to the contrary. The court, referring to the "as otherwise provided by law" language of § 1391(b), stated that "no other law is here applicable with regard to venue . . . ." 315 F.Supp. at 366. Although the residences of all the defendants in *Jimenez* are not set forth, it seems likely that consideration of § 1392(a), which is not mentioned in the opinion, would have required a different result.

**8.** 28 U.S.C. § 1915. Proceedings in forma pauperis.

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

(b) In any civil or criminal case the court may, upon the filing of a like affidavit, direct that the expense of printing the record on appeal, if such printing is required by the appellate court, be paid by the United States, and the same shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

(c) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

(e) Judgment may be rendered for costs at the conclusion of the suit or action as in other cases, but the United States shall not be liable for any of the costs thus incurred. If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States.

**9.** The Fifth Circuit relied in part upon a committee report to the Federal Judicial Center: "Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts" (1975). The committee, chaired by Judge Aldisert of this court, recommends that:

The district court's decision whether to grant leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) should turn solely on the economic status of the petitioner. In those cases where leave is granted, the court should consider the separate question, under 28 U.S.C. § 1915(d), whether the complaint should be dismissed as 'frivolous or malicious.'

pp. 31–32.

pact of taking one view or the other may be slight.[10]

■ In *Lockhart v. D'Urso*, 408 F.2d 354, 355 (3d Cir. 1969), we reversed an order denying plaintiff leave to proceed in forma pauperis which was based on the ground that the action was "plainly without merit." We stated that,

> [w]hile there may be extreme circumstances where such a right should be denied for plain lack of merit, we think that, particularly in pro se cases, the right to proceed in forma pauperis should generally be granted where the required affidavit of poverty is filed.

Without attempting to delineate the circumstances which might be sufficiently "extreme" to justify an exception, we agree with the *Watson* line of cases that the general rule is that "the commencement or filing of the suit [under § 1915(a)] depends solely on whether the affiant is economically eligible." 525 F.2d at 891.

■ Even if we were to accept the argument of the *Wartman* court that it is proper to deny in forma pauperis status where the complaint is frivolous, it should be clear that such a denial cannot be justified when the only asserted defect in the complaint is venue. 28 U.S.C. § 1915 contains no express authorization for a dismissal for lack of venue.[11] In the absence of any such statutory authority, it is inappropriate for the trial court to dispose of the case *sua sponte* on an objection to the complaint which would be waived if not raised by the defendant(s) in a timely manner.[12] Furthermore, even where a defect in venue has been properly raised, a question remains whether the case should be dismissed or transferred to a district in which venue would be proper.[13] The denial of leave to proceed in forma pauperis would hardly seem to be a suitable vehicle for such a determination.

We therefore hold, in the alternative, that the trial court abused its discretion by basing a decision on leave to proceed in forma pauperis on the inappropriate factor of venue rather than on economic status. In so holding, we necessarily overrule *Walker v. Weaver*, 266 F.Supp. 415 (M.D.Pa. 1967), relied on by the district court in this case.

## IV

The order appealed from is reversed, and the matter remanded to the district court for further proceedings consistent with this opinion.[14]

■

---

**10.** However, at least one court has held that once plaintiff is permitted to proceed in forma pauperis and the complaint has been filed, there can be no dismissal without service of process. *Wartman, supra.* The Federal Judicial Center report cited in note 9, *supra*, recommends the contrary view.

**11.** The fact that a layman may have laid venue improperly is, standing alone, not enough to sustain an inference that the underlying claim is either frivolous or malicious; therefore § 1915(d) itself is inapplicable.

**12.** 28 U.S.C. § 1406(b). Cure or waiver of defects

(b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

**13.** 28 U.S.C.A. § 1406(a):

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In the instant case, the views of the district judge would seemingly lead to a conclusion that venue would not be proper in any district. Perhaps for that reason, there is no indication that transfer to another district was considered.

**14.** Since the district court did not pass upon the sufficiency of the affidavits required by § 1915(a), we leave that question open on remand. Of course our decision here does not foreclose post-filing scrutiny of either the affidavits or the complaint under § 1915(d) and the Federal Rules of Civil Procedure.