**James R. KUPCHO, Plaintiff,**

v.

**United States Agents Roger STEELE, Dale Coy, and Mr. Child, Walter Miller, Treasurer, Forest Electric Co., and Agents of Forest Electric Co., New York, New York, Defendants.**

**No. 84 Civ. 0456 (JES).**

United States District Court,
S.D. New York.

Dec. 17, 1986.

---

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff *pro se* brings this action for damages and injunctive relief alleging that

the defendants violated his due process and equal protection rights.[1] Plaintiff's allegations of a violation of his constitutional rights arise out of the Internal Revenue Service's ("I.R.S.'s") denial of plaintiff's claim for an exemption from federal withholding taxes. Plaintiff alleges that the defendants Dale Coy, Roger Steele, and a Mr. Child, all employees of the I.R.S., ("I.R.S. defendants") violated his constitutional rights by denying his claim for an exemption from withholding taxes and by failing to provide administrative appeal rights with respect to that denial. *See* Amended Complaint at 4–5. Plaintiff also claims that the I.R.S. defendants violated his constitutional rights by assessing him with three separate $500.00 penalties, allegedly because the plaintiff filed false statements in connection with his claimed exemption from withholding taxes.

Plaintiff further alleges that the defendants Walter Miller and other agents of Forest Electric Co., plaintiff's former employer (the "Forest defendants"),[2] conspired with the federal defendants to violate his constitutional rights by withholding income taxes from plaintiff's paycheck. *See id.* at 3. Plaintiff also alleges that these defendants breached a contractual agreement with the plaintiff which allegedly provided that the Forest defendants would not withhold taxes from his paycheck. *See* Complaint at 9; *see also* Plaintiff's Answer of Statements in Affidavit of Walter Miller at ¶ 10.[3]

The federal defendants move to dismiss or, in the alternative, for summary judgment on the grounds of improper venue and for failure to state a claim upon which relief can be granted. The Forest defendants also move to dismiss or, in the alternative, for summary judgment, for failure to state a claim.

## BACKGROUND

It is undisputed that the plaintiff sought from the I.R.S. a total exemption from withholding taxes. It is also undisputed that the I.R.S. advised both the plaintiff and the Forest defendants that plaintiff's claim for exemption was denied. *See* Affidavit of Dale Coy ("Coy Aff.") at ¶¶ 8, 14, 20; *see also* Plaintiff's Answer of Statements in Affidavit of Walter Miller at ¶ 3. Moreover, it is undisputed that the I.R.S. directed the Forest defendants to take out withholding taxes from plaintiff's paycheck and that the Forest defendants complied with this order. *See* Exhibit L to Coy Aff.; Plaintiff's Answer of Statements in Affidavit of Walter Miller at ¶¶ 3–4. Finally, the federal defendants concede that the plaintiff was assessed three $500 penalties, pursuant to 26 U.S.C. § 6682, for allegedly providing the I.R.S. with false statements with respect to three applications by the plaintiff seeking an exemption from withholding taxes. *See* Coy Aff. at ¶¶ 8, 14, 20.[4]

---

1. Plaintiff seeks to base his actions *inter alia* on 42 U.S.C. §§ 1981, 1983, 1985 & 1986 (1982).

2. Plaintiff disputes he was an "employee" of Forest Electric Co. At the same time, however, plaintiff concedes that he was referred by the union to work for Forest Electric Co. *See* Plaintiff's Answer of Statements in Affidavit of Walter Miller at ¶ 10. Moreover, plaintiff's whole claim against the Forest defendants is premised on his allegation that they withheld income taxes from his paycheck.

3. Plaintiff alleges that "when he affixed his signature to the Forest 'work card,' he entered into an agreement with Forest that they refrain from withholding taxes from Plaintiff's paycheck." *See* Plaintiff's Answer of Statements in Affidavit

of Walter Miller at ¶ 10. Aside from this conclusory allegation, the plaintiff has totally failed to substantiate his claim that Forest Electric Co. contractually agreed to refrain from withholding federal income taxes.

4. In addition to a $500.00 penalty which was assessed while plaintiff was employed by Forest Electric Co., the plaintiff was previously assessed two other penalties by the I.R.S. The first $500.00 penalty was assessed against the plaintiff after plaintiff claimed an exemption from withholding taxes while he was an employee at a company in Nevada. *See* Coy Aff. at ¶ 8. The second $500.00 penalty was assessed after plaintiff claimed an exemption while employed with another Nevada company. *See id.* at ¶ 14.

## ANALYSIS

### I. *Plaintiff's Claims Against the Forest Defendants*

 Plaintiff's claims for damages and injunctive relief against the Forest defendants are frivolous. Pursuant to 26 U.S.C. § 3403 (1982), once the Forest defendants were informed by the I.R.S. to "disregard ... [plaintiff's] Form W–4 and withhold tax as if the [plaintiff] were single and claiming one withholding allowance," *see* Exhibit L to Coy Aff., the Forest defendants were required by law to withhold income taxes. *See* 26 U.S.C. § 3402(a). Plaintiff clearly may not seek damages against these defendants merely because they did what they were legally required to do. *See* 26 U.S.C. § 3403 (1982); *Lonsdale v. Smelser*, 553 F.Supp. 259 (N.D.Tex. 1982). Moreover, even assuming that the Forest defendants were proper parties against whom the plaintiff may seek an injunction prohibiting the collection of withholding tax, such injunctive relief is clearly barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a)(2) (1982). *See Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 2045, 40 L.Ed.2d 496 (1974). Therefore, the Forest defendants' motion for summary judgment is granted.[5]

### II. *Plaintiff's Claims Against the Federal Defendants*

██ Since the I.R.S. defendants persist in their claim that venue is improper, the Court must address this issue. The applicable venue statute provides that plaintiff's action may only be brought in the judicial district where all defendants reside or in which the claim arose. *See* 28 U.S.C. § 1391(b) (1982).[6] It is undisputed that all of the federal defendants reside in Utah. Therefore, plaintiff's claim is properly brought in this district only if the claim "arose" in the Southern District of New York.

Defendants affidavits establish that plaintiff's claims for exemption from withholding tax were all processed at the Ogden Service Center, Ogden, Utah. *See, e.g.,* Coy Aff. at ¶ 2. Moreoover, all of the letters sent by the I.R.S. in this case with respect to plaintiff's claim, *e.g.,* letters denying plaintiff's exemption or assessing the $500.00 penalties for false statements, were all sent from Ogden, Utah. *See, e.g.,* Exhibit L to Coy Aff. Nowhere in plaintiff's numerous affidavits have these facts been disputed.

The only facts plaintiff offers in support of his contention that his claim arose in this district is that he was working for Forest Electric Co. in New York when the I.R.S. denied his claim for exemption from withholding taxes, *see* Plaintiff's Opposition to Defendants' Motion to Dismiss and Supporting Memorandum of Points and Authorities at 4, and that he received notice

---

5. In addition to the reasons set forth above, plaintiff's claim against the Forest defendants must also be dismissed because plaintiff's allegations are woefully inadequate to survive a motion for summary judgment. To the extent that the plaintiff is alleging a claim against the Forest defendants either pursuant to 42 U.S.C. § 1983 (1982) or the doctrine set forth in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the complaint completely fails to adequately allege that the Forest defendants acted under color of state or federal law. Plaintiff's vague, conclusory, and general allegations, set forth in his complaint and subsequent papers, that the Forest defendants conspired with the I.R.S. defendants to deprive the plaintiff of a constitutional right are clearly insufficient for this purpose. *See Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977). Moreover plaintiff's conclusory allegation that the Forest defendants breached a contractual

agreement with the plaintiff is likewise insufficient to survive a summary judgment motion. Certainly, in the absence of some express provision in plaintiff's employment contract providing that the employer will not withhold taxes, even if directed to do so by the federal government, the Court cannot conclude that such a contract existed. *See Stonecipher v. Bray*, 653 F.2d 398, 403 (9th Cir.1981), *cert. denied*, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982). As noted in note 3, *supra*, plaintiff has not alerted the Court to any such contractual provision. In addition, as the court in *Stonechiper* noted, even if such a contract existed, it would most likely be contrary to public policy. *See id.*

6. There is no special venue statute governing civil rights actions. *See Jimenez v. Pierce*, 315 F.Supp. 365, 365–66 (S.D.N.Y.1970).

that the I.R.S. denied his claim in his paycheck which was received in New York, *see* Plaintiff's Answer of Statements in Affidavit of Walter Miller at ¶ 3.[7] These facts are clearly insufficient to establish venue in this district.

■ By providing for venue in the judicial district in which the plaintiff's claim arose, Congress clearly did not intend to provide the plaintiff with an unfettered choice among a variety of different judicial districts, merely because some occurance relevant to plaintiff's claim may have occurred in each district. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 185, 99 S.Ct. 2710, 2717, 61 L.Ed.2d 464 (1978). Thus, except in "unusual" cases, a claim arises for the purposes of § 1391(b) in only one judicial district. *See id.* Moreover, in determining where the claim arose, the Court must bear in mind that the venue statute is designed to protect the *"defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *See id.* at 184, 99 S.Ct. at 2716 (emphasis in original).

■ In determining the district in which the claim arose, courts generally look to the district where the "weight of the contacts" or the "events having operative significance" for plaintiffs' claim occurred. *See Andrew H. by Irene H. v. Ambach*, 579 F.Supp. 85, 88 (S.D.N.Y.1984); *see also Seabrook Foods, Inc. v. Seabrook Brothers, Inc.*, 495 F.Supp. 792, 793 (S.D.N.Y. 1980); *Weil v. New York State Dept. of Transportation*, 400 F.Supp. 1364, 1365 (S.D.N.Y.1975); *see generally* 15 C. Wright, A. Miller & H. Cooper, *Federal Practice and Procedure* § 3806 at 54–60 (2d ed. 1986). Clearly, the facts of this case with operative significance to plaintiff's claim occurred in Utah. This is where all of the alleged unconstitutional actions of the federal defendants occurred. The mere fact that the plaintiff was informed in this district of the defendants actions in Utah is insufficient to support venue in this district. *See Andrew H., supra*, 579 F.Supp. at 88; *Weil, supra*, 400 F.Supp. at 1365. Therefore, the Court is constrained to dismiss plaintiff's claims against the federal defendants for improper venue.[8]

## CONCLUSION

For the reasons set forth *supra*, the Forest defendants' motion for summary judgment is granted. The I.R.S. defendants' motion to dismiss for improper venue is also granted. Accordingly, the Clerk of the Court is hereby directed to close the above-captioned action.

It is SO ORDERED.

---

7. Plaintiff was afforded an ample opportunity to alert the Court to any events with respect to plaintiff's claim which occurred in this district. Indeed, following oral argument on these motions, the Court specifically directed the plaintiff to file an affidavit setting forth each and every event which plaintiff alleges occurred in the Southern District of New York. Plaintiff, however, filed a completely unresponsive affidavit which merely repeated his conclusory allegations that the defendants maliciously conspired to violate his constitutional rights.

8. Although in the ordinary case, the Court, in the interests of justice, would transfer the action to a proper district pursuant to 28 U.S.C. § 1406(a), the Court declines to do so here. In the first place, plaintiff has not requested such a transfer. Moreoever, as the I.R.S. defendants' well-supported supplemental memorandum of law demonstrates, plaintiff's claim that the I.R.S. defendants somehow violated plaintiff's constitutional rights because they refused to grant plaintiff an exemption from withholding taxes is patently frivolous. *See Stonecipher, supra*, 653 F.2d at 403; *see also,* Memorandum of Law of Roger Steele, Dale Coy and Randall Child in Further Support of Their Motion To Dismiss Or In The Alternative, For Summary Judgment at 22–28. Given these circumstances, a transfer would not be appropriate.