859 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Khalil AL-MUHAYMIN; Plaintiff-Appellant,
Prince Lemuel Muhammad Mahdi, Plaintiff,
v.
Charles BUTTRINI; Stephen Norris; David Haines; W.J.
Michael Cody; Wanda Neal; Joe K. Fry; Howard Litz; Glenn
A. Hickey; H. Scott Reams; Minnie Ann Armes; Floyd E.
Freytag; B.F. Woolum; Donald Painter; Vera Scarbrough;
C. Ann Alexander; H.H. Hooper; Robert J. Howell; Eddie L.
Bryan, Defendants- Appellees.
 No. 88-5376.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1988.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiffs brought this civil rights suit in the Middle District of Tennessee under 42 U.S.C. Sec. 1983. They claimed they were denied the right to vote during their confinement at the Morgan County Regional Correctional Facility. The defendants are the Tennessee Coordinator of Elections, the Tennessee Attorney General, the Coordinator of Prison Voting at the Morgan County Prison, the Tennessee Department of Correction Commissioner, and various election officials in Morgan, Hamblen, and Davidson counties. Plaintiffs requested monetary damages and injunctive relief. The district court sua sponte dismissed the action for improper venue before service of the complaint on the defendants. The court reasoned that proper venue was only in the Eastern District of Tennessee (which was where the claims arose) because the defendants reside in different judicial districts.
 
 
 3
 Upon consideration, we conclude that the district court erred in sua sponte dismissing the complaint for improper venue. Where all defendants in a multi-district state reside within the state, but within different districts, venue is proper in any district where one or more defendants reside. See 28 U.S.C. Sec. 1391(b); Sinwell v. Shapp, 536 F.2d 15 (3d Cir.1976). Thus, venue would be proper in either the Middle or the Eastern District of Tennessee.
 
 
 4
 Accordingly, the district court's order dismissing the case for improper venue is vacated as to appellant Khalil Al-Muhaymin, and the case is hereby remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.