

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2009

# Anthony Jasper v. Bexar Cty Adult Dete

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4036

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Anthony Jasper v. Bexar Cty Adult Dete" (2009). *2009 Decisions.* Paper 1191.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1191

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-150                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4036
_____

ANTHONY SALVADOR JASPER,
                                                    Appellant

v.

BEXAR COUNTY ADULT DETENTION CENTER;
SHERIFF RALPH LOPEZ; SAN ANTONIO CITY MANAGERS OFFICE;
CITY OF SAN ANTONIO MAYOR'S OFFICE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-03044)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 2, 2009
Before:  RENDELL, HARDIMAN AND ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 11, 2009)
_____

OPINION
_____

PER CURIAM

    Anthony Jasper, a litigant proceeding <u>pro</u> <u>se</u>, appeals an order of the District Court

dismissing his case for lack of personal jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over a district court's jurisdictional determinations. See Umland v. PLANCO Fin. Servs., 542 F.3d 59, 63 (3d Cir. 2008). We will vacate the District Court's Order of September 12, 2008, and remand for further proceedings.

I

In July 2007, Jasper filed a complaint in the United States District Court for the District of New Jersey, alleging that he was illegally incarcerated and subject to unsafe conditions and a substandard level of medical care during his incarceration. At the time he filed the complaint, Jasper was a resident of New Jersey. Jasper named as defendants the Bexar County Adult Detention Center, located in San Antonio, Texas; Ralph Lopez, Sheriff of San Antonio; the San Antonio City Manager's Office; and the City of San Antonio Mayor's Office. All defendants are residents of the State of Texas. No defendant filed an answer or motion, and no defense counsel entered an appearance.

Along with his complaint, Jasper filed a signed and notarized "Affadavit [sic] of Inability to Pay Costs," as well as a proposed "Order Granting 'Affadavit [sic] of Inability to Pay for Costs." Jasper paid no fees to the District Court. However, the Court never explicitly construed the affidavit as an application to proceed in forma pauperis and, notably, never formally granted Jasper in forma pauperis status.

In July 2008, the District Court dismissed the case for failure to prosecute. Jasper filed a motion to reopen the case, followed by three other motions which called for the

2

reopening of his case.[1]  In September 2008, the District Court granted Jasper's first motion to reopen and dismissed the case pursuant to Fed. R. 12(b)(2).  Jasper filed a timely notice of appeal.

## II

In dismissing Jasper's case pursuant to Rule 12(b)(2), the District Court reasoned, sua sponte, that it cannot exercise personal jurisdiction over the defendants because they have not "purposefully avail[ed themselves] of the privilege of conducting activities within the forum State [of New Jersey], thus invoking the benefits and protections of its laws."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).  However, "because personal jurisdiction may be conferred by consent of the parties . . . a court may not sua sponte dismiss for want of personal jurisdiction."  Zelson v. Thomforde, 412 F.2d 56, 59 (3d Cir. 1969).  This is true even if the litigant has in forma pauperis status.  Cf. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976) (holding that a district court may not sua sponte dismiss the complaint of a litigant proceeding in forma pauperis solely because of improper venue).

Accordingly, we will vacate the judgment of the District Court and remand the matter for further proceedings consistent with this Opinion.

---

[1]The three motions following Jasper's initial motion to reopen were titled an "amended motion for new trial," Doc. No. 7, a "second amended motion for new trial," Doc. No. 9, and a "motion to amend/correct," Doc. No. 10.  The District Court construed all four of these filings as motions for relief from judgment pursuant to Fed. R. Civ. P. 60(b).