OPINION
PER CURIAM.
Daniel Tilli filed a complaint alleging that appellees illegally raised the price of their gas. He argued that this violated the Pennsylvania Consumer Protection Act and the Interstate Commerce Act and implied that appellees had engaged in price gouging and price fixing. The District Court denied the in forma pauperis mo *752 tion as incomplete[1] and dismissed the complaint without prejudice pursuant to Fed.R.Civ.P. 12(h)(3). Tilli filed a notice of appeal.
Where a District Court has dismissed a complaint without prejudice, the dismissal is generally not appealable under 28 U.S.C. § 1291 unless the litigant cannot cure the defect or where the litigant declares an intention to stand on the complaint, whereupon the District Court’s order becomes final. Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir.1976) (per curiam). After the District Court dismissed his complaint without prejudice, Tilli filed a document entitled “Demand to Reinstate” in which he argued that he did state a jurisdictional basis for his claim. Because Tilli has chosen to stand on his pleading as filed, we have jurisdiction over the appeal.
Because Tilli is proceeding in forma pauperis on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity.
On appeal, Tilli argues that interstate price gouging is in violation of the Sherman Act. In order to state a claim under the Sherman Act, a plaintiff must allege facts to suggest that an unlawful agreement was made. Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Tilli has not stated a claim under the Sherman Act; his complaint consists of conclusory allegations of price-fixing. This is insufficient under Twombly. Moreover, the District Court did not err in declining to exercise supplemental jurisdiction over any state law claims.
For the above reasons, we will dismiss the appeal for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Appellant’s motion to transfer the proceedings is denied.

. The District Court should not have addressed the issue of jurisdiction or the merits of the complaint until the filing fee had been paid or the motion to proceed in forma pauperis had been granted. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir.1976).