**ALD-078**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3828
_____

CARMINE SAUCHELLI,
                                                              Appellant

v.

US POSTAL SERVICE;
FRANK POSTORINO, Supervisor
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-cv-01682)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 29, 2010
Before:  SCIRICA, HARDIMAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Filed: January 14, 2011)
_____

OPINION OF THE COURT
_____

<u>PER CURIAM</u>.

        Carmine Sauchelli, proceeding *pro se*, appeals the District Court's order denying

his motion for summary judgment and granting the Postal Service's motion for summary

judgment.  Also before the Court are Sauchelli's motion to proceed *in forma pauperis*

and motion for appointment of counsel.

I

From 1987 until 2005, Sauchelli was employed as a letter carrier with the United States Postal Service. Defendant-Appellee Frank Postorino became Sauchelli's supervisor in 2000. Beginning in 2001, Postorino disciplined Sauchelli on several occasions, giving Sauchelli several warnings and suspending him at least twice. Sauchelli believed Postorino had singled him out for harassment, and a co-worker heard Postorino say: "I don't care how long it takes me, but I will get Carmine. He's sticking it to me and I will get him."

In June 2004, Sauchelli received a notice of removal for "Failure to Properly Perform Your Duties." His union intervened, and, after the parties entered into a "Last Chance Agreement," the notice of removal was held in abeyance for a two-year period. Thereafter, Sauchelli committed a handful of infractions, for which he received warnings from Postorino. Then, in March 2005, Sauchelli received a second notice of removal, which alleged that he had violated the last chance agreement. Sauchelli's union filed a grievance, but Sauchelli's termination was upheld.

Sauchelli then filed a complaint with the EEOC, alleging that he suffered discrimination based on his disability (he has a back injury) and his sex (male). His initial complaint was deemed meritless. On appeal, the EEOC Office of Federal Operations affirmed the initial finding that no prohibited discrimination occurred.

In 2008, Sauchelli filed this complaint in the District Court, alleging that his

2

termination resulted from unlawful gender discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1] The thrust of his claim was that he was subjected to discipline for conduct that his female coworkers also committed, though without consequence. Sauchelli also alleged that Frank Postorino created a hostile work environment based on Sauchelli's gender. Each of the parties filed a motion for summary judgment. The District Court denied Sauchelli's motion and granted the Postal Service's motion. Sauchelli filed a timely notice of appeal from that order. He also requests that we grant him *in forma pauperis* status and appoint counsel to represent him. The Postal Service filed a motion requesting summary action, which Sauchelli opposes.

## II

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We turn first to Sauchelli's *in forma pauperis* motion. Under 28 U.S.C. § 1915(a)(1), we may allow Sauchelli to proceed without prepayment of fees. Our decision is based solely on Sauchelli's economic eligibility. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Based on Sauchelli's supporting affidavit, we will permit him to proceed *in forma pauperis*.

We may summarily affirm the District Court's order if Sauchelli's appeal does not raise a substantial question. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6. "Our review of a district court's grant of summary judgment is plenary, and we must apply the same standard the district court was required to apply under Federal Rule of Civil Procedure

---

[1] In his deposition, Sauchelli explained that he no longer intended to pursue a disability

3

56(c)." Spence v. ESAB Group, Inc., 623 F.3d 212, 216 (3d Cir. 2010). "Thus, we can affirm only 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)(2)). "A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. "In evaluating the evidence, we must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Id. (internal quotation marks and citation omitted).

When direct evidence of discrimination is unavailable, a plaintiff alleging "reverse discrimination" in a Title VII action makes out a prima facie case "by presenting sufficient evidence to allow a reasonable fact finder to conclude (given the totality of the circumstances) that the defendant treated [him] 'less favorably than others because of [his] race, color, religion, sex, or national origin.'" Iadimarco v. Runyon, 190 F.3d 151, 163 (3d Cir. 1999) (quoting Furnco Constr. Corp. v. Waters, 438 U.S. 567, 577 (1978)). Likewise, a plaintiff alleging a hostile work environment claim under Title VII must demonstrate that he suffered discrimination on account of his sex. See Huston v. Procter & Gamble Paper Prods. Corp., 568 F.3d 100, 104 (3d Cir. 2009). Here, the District Court reasoned that Sauchelli's disparate treatment and hostile work environment claims necessarily failed because Sauchelli did not present sufficient evidence for a reasonable

discrimination claim.

4

fact finder to conclude that any adverse actions taken against Sauchelli were on account of his sex. We agree.

Sauchelli asserts that he was disciplined for certain conduct but that his female coworkers were not necessarily disciplined for the same conduct. However, as the District Court explained, the record shows that both male and female employees received discipline, in various forms, for infractions of the Postal Service's rules. And although Sauchelli was the only employee -- male or female -- who was terminated for infractions, he was also the only employee who violated a Last Chance Agreement.[2] In short, Sauchelli did not present sufficient evidence for a reasonable fact finder to conclude that he was treated less favorably than others based on his gender.

Accordingly, we will grant the Defendant-Appellees' motion and summarily affirm the judgment of the District Court. Sauchelli's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993).

---

[2]  The Agreement, which was reached through the grievance process, provided that Sauchelli would be removed from the Postal Service if he violated any Postal Service rule or regulation during a two-year period. His grievance regarding the final notice of removal was resolved by a finding that his removal for violation of the Last Chance Agreement was for just cause.