DLD-183                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4412
_____

ALVIN R. SIMMONS, JR.,
                                            Appellant
v.

RALPH SIMMONS;
RUTH SIMMONS;
NATIONWIDE INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:11-cv-01628)
District Judge:  Honorable Mark Hornak
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 4, 2013

Before: AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 25, 2013 )
_____

OPINION
_____

PER CURIAM

    On December 22, 2011, Appellant Alvin R. Simmons, Jr., filed a motion for leave to

proceed in forma pauperis, accompanied by a proposed complaint, in which Simmons brought

a personal injury action. Simmons alleged that he fell down the stairs behind a residence owned by Ralph and Ruth Simmons, located in Pittsburgh, Pennsylvania.

On March 9, 2012, the District Court denied the in forma pauperis motion as moot and dismissed Simmons' case without prejudice, with leave to amend, for lack of subject matter jurisdiction because there was no federal question under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.[1] On September 27, 2012, and October 22, 2012, Simmons wrote letters to the Court, which treated them as renewed motions for leave to proceed in forma pauperis and reopen the case. On October 11, 2012, and October 31, 2012, the court denied the motions without prejudice, finding that Simmons failed to cure the deficiencies of the complaint and that the case was properly dismissed for lack of subject jurisdiction. Simmons filed a timely appeal as to the October 11, 2012, and October 31, 2012 orders.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal for lack of subject matter jurisdiction is plenary. See Frett- Smith v. Vanterpool, 511 F.3d 396, 399 (3d Cir. 2008). The District Court correctly concluded that it lacked jurisdiction over Simmons' complaint. See Fed. R. Civ. P. 12(h)(3). Simmons did not allege a violation of the Constitution or federal law under 28 U.S.C. § 1331, nor did he allege any facts that would provide a basis for diversity of citizenship among the parties under 28 U.S.C. § 1332. Rather, as the District Court noted, the record suggests that Simmons and the Simmons Defendants are all citizens of Pennsylvania, and Simmons presented no facts to

---

[1] As a procedural matter, the District Court should have first granted Simmons' in forma pauperis motion, and then dismissed his complaint on the merits. See, e.g. Sinwell v. Shapp, 546 F.2d 15 (3d Cir. 1976).

indicate otherwise.[2]  Moreover, Simmons demanded $50,000 in damages, which fails to meet the $75,000 amount-in-controversy requirement required by 28 U.S.C. § 1332(a).

Accordingly, we will summarily affirm the District Court's order.  See Third Cir. LAR 27.4 and I.O.P. 10.6.

---

[2] Simmons failed to allege in his complaint, or in the subsequent letters submitted to the Court, that Nationwide Insurance Company is a diverse party to him.  Thus, we conclude that the District Court properly held that it lacked subject matter jurisdiction over Simmons' case.