**In re Ed JOHNSON, Petitioner.**

**No. 13–1562.**

United States Court of Appeals, Third Circuit.

Submitted on Petitioner's Motion for Leave
to Proceed In Forma Pauperis and Affidavit
in Support Thereof,

Pursuant to Rule 24, Fed. R.App. P.;
and Petition for Writ of Mandamus
Pursuant to Rule 21, Fed. R.App. P.

June 20, 2013.

Opinion filed: July 3, 2013.

Ed Johnson, Bruceton Mills, WV, pro se.

Before: FUENTES, FISHER and VANASKIE, Circuit Judges.

OPINION

PER CURIAM.

On April 2, 2012, petitioner Ed Johnson, a federal prisoner proceeding *pro se*, filed a motion in the United States District

Court for the District of Delaware seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Johnson amended that motion on May 21, 2012, and filed a supporting brief the following week. The District Court ordered a response to be filed, and the government complied by submitting its timely response on July 13, 2012. Johnson thereafter filed a reply to the government's response on July 27, 2012. Several other filings by Johnson followed. On October 10, 2012, Johnson filed a document which he characterizes as a demurrer. A motion to dismiss or for summary judgment followed on October 21, 2012. Finally, a supplemental brief and memorandum was filed on March 4, 2013, with additional exhibits submitted less than two weeks later on March 14, 2013. Johnson's § 2255 motion is ripe for disposition.

With no action having been taken on his motion, Johnson petitioned this Court for a writ of mandamus, requesting an order compelling the District Court to act upon his § 2255 motion and, in addition, directing that court to enter a favorable determination. Johnson also requests leave to proceed with the petition in *forma pauperis*. Having concluded that Johnson is financially eligible for in *forma pauperis* status, we grant that motion. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948); *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir.1976). The request for mandamus relief, however, will be denied.

Mandamus is a drastic remedy available only in extraordinary cases, see *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996). Although a

District Court has discretion over the management of its docket, *see In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817–18 (3d Cir.1982), a federal appellate court "may issue a writ of mandamus on the ground that [the District Court's] undue delay is tantamount to a failure to exercise jurisdiction." *Madden*, 102 F.3d at 79.

We recognize that nearly a year has elapsed since the time Johnson's § 2255 motion became ripe for disposition. As in *Madden*, where we described a delay of around half that time in acting on a petition for a writ of habeas corpus as "of concern," 102 F.3d at 79, a delay of this length is somewhat troubling. Thus, there is some cause for concern here. However, the delay in this case may very well have been caused, in part, by the continuous stream of filings submitted by Johnson— filings which continued through the end of 2012 and even after the filing of the instant mandamus petition. Accordingly, we find that the delay here does not warrant mandamus relief. Additionally, and contrary to Johnson's contentions, the District Court has no obligation to respond to petitioner's motions for a demurrer and for summary judgment and, thus, has not "procedurally defaulted" its ability to render a merits determination in the underlying proceeding.

We are confident that the District Court will rule on Johnson's pending § 2255 motion without undue delay. The petition for a writ of mandamus is therefore denied, but without prejudice to Johnson's filing a new petition for a writ of mandamus should the District Court fail to act expeditiously in this matter.