DLD-138                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3250
_____

SAAED MOSLEM,
                              Appellant

v.

STEPHEN ROBERT STRAUHS; STEPHEN R. STRAUHS, CPA, PC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-23-cv-20119)
District Judge:  Honorable Renée M. Bumb
_____

Submitted on Motions to Reopen and to Proceed In Forma Pauperis,
and for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 13, 2024

Before: JORDAN, PORTER, and PHIPPS, Circuit Judges

(Opinion filed July 1, 2024)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner Saaed Moslem appeals pro se from the District Court's decisions dismissing his civil action for lack of subject matter jurisdiction and denying his related motion to reconsider. For the reasons that follow, we will summarily affirm.

I.

In 2023, while incarcerated in New Jersey, Moslem brought a pro se breach-of-contract action in the District Court against two defendants, purporting to invoke that court's diversity jurisdiction under 28 U.S.C. § 1332.[1] Moslem identified himself as a citizen of New Jersey and both defendants as citizens of New York. But the District Court directed Moslem to show cause "why he is a citizen of New Jersey rather than New York," Dist. Ct. Dkt. No. 7, at 3, noting that the charging document in his criminal case had identified him as a resident of New York. In response, Moslem argued that, while "he was domiciled in the State of New York" before being incarcerated, he "lost his residence there" due to his incarceration in New Jersey. Dist. Ct. Dkt. No. 8, at 1.

Thereafter, on December 6, 2023, the District Court dismissed Moslem's case without prejudice for lack of subject matter jurisdiction. The District Court concluded that Moslem was still a New York citizen notwithstanding his incarceration in New Jersey, and that, as a result, diversity jurisdiction was lacking because he was a citizen of

_____

[1] As the District Court observed, "[t]here appears to be no basis for [its] subject matter jurisdiction [over this case] other than diversity of citizenship." Dist. Ct. Dkt. No. 9, at 1.

the same state as the defendants. Moslem subsequently moved the District Court to reconsider its dismissal order, but the District Court denied that motion on December 18, 2023. This timely appeal followed.[2]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See G.W. v. Ringwood Bd. of Educ., 28 F.4th 465, 468 & n.2 (3d Cir. 2022). We exercise plenary review over the District Court's dismissal order, see Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010), and we review its order denying reconsideration for abuse of discretion, see Walker v. Coffey, 905 F.3d 138, 143 (3d Cir. 2018). We may take summary action if this appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

For diversity jurisdiction to lie, there must be, inter alia, complete diversity of citizenship among the parties. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 375-76 (3d Cir. 2005) (citing 28 U.S.C. § 1332(a)). "Complete diversity" means "that at the time the complaint is filed, no party can be a citizen of the same state as any opposing

---

[2] On March 19, 2024, the Clerk dismissed this appeal because Moslem had not paid the filing and docketing fees or moved to proceed in forma pauperis ("IFP"). But Moslem subsequently moved to reopen the appeal and proceed IFP. Because the motion to reopen was timely filed and demonstrates good cause for reopening, we hereby grant that motion. See 3d Cir. L.A.R. Misc. 107.2(a). We also grant Moslem's IFP motion. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Moslem must pay the full filing and docketing fees for this appeal in installments. See 28 U.S.C. § 1915(b)(1)-(2). The Clerk shall issue an order addressing payment of those fees.

party." Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP, 49 F.4th 866, 870 (3d Cir. 2022). "The party asserting diversity jurisdiction bears the burden of proof," and he "generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006).

In this case, Moslem failed to establish that there is complete diversity among the parties. It is undisputed that, prior to his incarceration, he was a citizen of New York. See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 34 (3d Cir. 2018) ("The citizenship of a natural person is the state where that person is domiciled."). "Prisoners presumptively retain their prior citizenship when the [prison] gates close behind them." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 247 (3d Cir. 2013). Although courts have held that a prisoner can rebut this presumption, see, e.g., Smith v. Cummings, 445 F.3d 1254, 1260 (10th Cir. 2006) (collecting cases), Moslem has not done so here. As the District Court explained, he has "set[] forth no facts sufficient to indicate that he plans to remain in New Jersey following the completion of his prison sentence." Dist. Ct. Dkt. No. 9, at 3; see Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011) ("[D]omicile is established by an objective physical presence in the state . . . *coupled with a subjective intention to remain there indefinitely*." (emphasis

4

added)).[3]  Accordingly, the District Court correctly concluded that Moslem is still a New York citizen.  And because the defendants are also citizens of New York, the District Court properly dismissed this case for lack of diversity jurisdiction.  The District Court also properly denied Moslem's motion for reconsideration.  See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (setting forth the standard for motions for reconsideration).

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.  Moslem's request for appointment of counsel is denied.

---

[3] According to the Federal Bureau of Prisons' inmate-locator website, see https://www.bop.gov/inmateloc/, Moslem's projected release date from prison is in 2027.