

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2006

# In Re: Ezekoye

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3921

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Ezekoye " (2006). *2006 Decisions.* Paper 876.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/876

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3921
_____

IN RE: ANDREW EZEKOYE,
Debtor

ANDREW EZEYOKE,
Appellant
vs.

*OCWEN LOAN SERVICING, LLC, successor
to Ocwen Federal Bank FSB
*(Amended pursuant to Clerk's Order dated 8/18/05)
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 04-cv-01315)
District Judge:  Honorable Arthur J. Schwab

NO. 04-3972
_____

IN RE: ANDREW EZEKOYE,
Debtor

ANDREW EZEYOKE,
Appellant
vs.

*OCWEN LOAN SERVICING, LLC, successor
to Ocwen Federal Bank FSB
*(Amended pursuant to Clerk's Order dated 8/18/05)
_____

On Appeal From the United States District Court

For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 04-cv-01316)
District Judge:  Honorable Arthur J. Schwab

_____

NO. 04-3973

_____

IN RE: ANDREW EZEKOYE,
Debtor

ANDREW EZEYOKE,
Appellant
vs.

*OCWEN LOAN SERVICING, LLC, successor
to Ocwen Federal Bank FSB
*(Amended pursuant to Clerk's Order dated 8/18/05)

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 04-cv-01317)
District Judge:  Honorable Arthur J. Schwab

_____

NO. 04-3974

_____

IN RE: ANDREW EZEKOYE,
Debtor

ANDREW EZEYOKE,
Appellant
vs.

*OCWEN LOAN SERVICING, LLC, successor
to Ocwen Federal Bank FSB; LONG BEACH MORTGAGE COMPANY
*(Amended pursuant to Clerk's Order dated 8/18/05)

_____

2

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 04-cv-01318)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Under Third Circuit LAR 34.1(a)
June 1, 2006
BEFORE:  FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>

(Filed:  June 20, 2006)

_____

OPINION
_____

PER CURIAM.

Andrew Ezekoye, proceeding <u>pro se</u>, has filed four appeals from orders of

the United States District Court for the Western District of Pennsylvania denying his

applications to proceed <u>in forma pauperis</u> ("IFP") in four appeals from orders of the

United States Bankruptcy Court.  For the reasons discussed below, we conclude that the

District Court erred in denying Ezekoye IFP status.  However, because Ezekoye's appeals

to the District Court had no arguable merit, we will dismiss these appeals under 28 U.S.C.

§ 1915(e)(2)(B).

In 1996, Ezekoye executed a mortgage with Long Beach Mortgage

Company.  Long Beach assigned the mortgage to Ocwen Federal Bank FSB.  After

Ezekoye defaulted on the mortgage, Ocwen brought a mortgage foreclosure action in

Pennsylvania state court and obtained a judgment in its favor.  In 2001, Ezekoye filed a

complaint against Ocwen in state court alleging conspiracy and fraud in connection with the mortgage assignment, and fraud related to Ocwen's affidavits in the mortgage foreclosure action. Ezekoye obtained a default judgment against Ocwen.

When Ocwen learned of the default judgment, it filed a motion to strike and/or open the default judgment in state court. Ezekoye and Ocwen consented to the removal of the action to Bankruptcy Court, where Ezekoye had filed a bankruptcy petition. Ocwen also filed a proof of claim in the bankruptcy case. The Bankruptcy Court granted Ocwen's motion for relief from the default judgment, and dismissed Ezekoye's complaint against Ocwen for fraud, finding it barred by res judicata based upon the judgment in Ocwen's favor in the mortgage foreclosure action. The Bankruptcy Court later dismissed Ezekoye's bankruptcy case, and granted Ocwen relief from the automatic stay.

Ezekoye filed numerous appeals from the Bankruptcy Court's rulings in District Court. He filed a motion to proceed IFP in District Court in each appeal. The District Court denied Ezekoye IFP status and required prepayment of the filing fee for each of the appeals that are now before this Court. The District Court stated that Ezekoye represented to the Bankruptcy Court that he had sufficient income to remain in a Chapter 13 bankruptcy. Assuming for the sake of argument that Ezekoke was financially qualified to proceed IFP, the District Court found his piecemeal approach to appealing the Bankruptcy Court's orders frivolous, unnecessarily litigious, and a waste of judicial and legal resources. The District Court also denied Ezekoye's motions for reconsideration.

4

We have jurisdiction to review the District Court's order denying IFP status pursuant to 28 U.S.C. § 1291. Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Our standard of review is abuse of discretion. Id.

The decision whether to grant leave to file an action or appeal IFP depends solely on whether the applicant is economically eligible. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). A plaintiff need not be absolutely destitute to be afforded IFP status. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Rather, the plaintiff must show that he is unable to pay the costs of his suit. Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989).

In his IFP affidavits, Ezekoye states that he is unemployed, and that he receives $399.00 in unemployment benefits each week. Although he did not provide his expenses, he states he has $65 in his checking account, and his home has been foreclosed. Ezekoye states that his wife and five children are dependent upon him for support. Based upon these facts, we conclude that the District Court erred in denying Ezekoye IFP status.[1] In the interest of judicial economy, however, we will not remand these appeals to the District Court because Ezekoye's appeals to the District Court were legally frivolous, and

---

[1] We note that the District Court granted IFP in yet another appeal Ezekoye filed based upon a similar IFP application. See W.D. Pa. Civ. No. 04-cv-01047. Thus, it appears the District Court's denial of IFP status in these appeals was based upon Ezekoye's litigiousness rather than a financial determination. See Sinwell, 536 F.2d at 19 (finding abuse of discretion where district court based its IFP decision on factor other than economic status).

thus would properly have been dismissed under 28 U.S.C. § 1915(e)(2)(B).

In C.A. No. 04-3921, Ezekoye appeals the Bankruptcy Court's order granting Ocwen relief from the automatic stay. This order was a consequence of the dismissal of Ezekoye's bankruptcy case. The dismissal of the bankruptcy was due to Ezekoye's failure to make plan payments and the lack of feasibility of the plan. Ezekoye does not contend that the Bankruptcy Court's findings in this regard were erroneous. Rather, he argues that the Bankruptcy Court erred in lifting the stay without addressing his allegations of fraud in the mortgage foreclosure proceeding. At the hearing on Ocwen's motion for relief from the stay, however, the Bankruptcy Judge explained to Ezekoye that she previously ruled that the mortgage foreclosure action was appropriate and held, under res judicata principles, that Ezekoye could not set aside the state court judgment.[2] Ezekoye's appeal to the District Court had no arguable merit. Thus, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

In C.A. No. 04-3972, Ezekoye appeals an order denying his motion for recusal of the Bankruptcy Judge. Ezekoye's motion was based on several of the Bankruptcy Judge's rulings and the fact that the Bankruptcy Judge had yet to rule on a pending motion. In denying the recusal motion, the Bankruptcy Judge noted that

---

[2] The District Court affirmed this ruling in Ezekoye's appeal of the Bankruptcy Court's order granting Ocwen's motion for relief from the default judgment. In another opinion filed today, we dismissed Ezekoye's untimely appeal of the District Court's order. See Ezekoye v. Ocwen Loan Servicing, C.A. No. 04-4017.

Ezekoye's creditor also had matters pending before the court, and correctly ruled that Ezekoye's disagreement with her rulings is not a basis for recusal. See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (stating that beliefs or opinions that merit recusal must involve an extrajudicial factor). Because Ezekoye's appeal to the District Court had no arguable merit, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

In C.A. No. 04-3973, Ezekoye appeals the Bankruptcy Court's order dismissing as moot his objection to Ocwen Federal Bank's claim against him in the bankruptcy proceeding. In his objection, Ezekoye asserted that the mortgage transaction was fraudulent because Long Beach Mortgage Company failed to notify him of the mortgage assignment to Ocwen. Ezekoye's objection is moot because his bankruptcy case was dismissed. Moreover, the Bankruptcy Court previously rejected Ezekoye's objection on the merits. As noted above, the Bankruptcy Court ruled that Ezekoye's claims of fraud are barred by res judicata due to the state court decision in Ocwen's favor in the mortgage foreclosure action. Thus, we will dismiss this appeal as well pursuant to 28 U.S.C. § 1915(e)(2)(B).

Finally, in C.A. No. 04-3974, Ezekoye appeals the Bankruptcy Court's order denying his motion to reinstate a state court action. In 2001, Ezekoye filed a complaint against Ocwen and Long Beach in state court alleging statutory violations in connection with the mortgage assignment, which the Trustee removed to Bankruptcy Court. Through

counsel, Ezekoye entered into a joint stipulation of dismissal in this action. The Bankruptcy Court approved the stipulation and dismissed the action with prejudice. Through counsel, Ezekoye also filed a Praecipe to Settle and Discontinue Action in state court, asking the Prothonotary to dismiss his state court action with prejudice.

In 2004, almost two years later, Ezekoye filed a motion in Bankruptcy Court to reinstate the state court action, asserting that the Bankruptcy Court lacked jurisdiction to dismiss his complaint, and that its judgment is void due to collusion between Ocwen and Long Beach. The Bankruptcy Court denied the motion, noting that the parties consented to the dismissal, and that the action has been closed since 2002.

Ezekoye's jurisdictional argument lacks arguable merit. The Bankruptcy Court has jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. See 28 U.S.C. § 1334(b); 28 U.S.C. 157. Ezekoye's state court action is related to his bankruptcy case as his challenge to the mortgage companies' conduct could have an effect on the estate being administered in the bankruptcy. See Belcufine v. Aloe, 112 F.3d 633, 636 (3d Cir. 1997) (discussing test to determine whether a civil proceeding is related to a bankruptcy case).[3] Ezekoye's collusion argument, based

---

[3] Long Beach argues that the Bankruptcy Court's jurisdiction is irrelevant because the state court action was dismissed as a result of the praecipe to discontinue filed in state court. The Trustee, however, removed the state court action to Bankruptcy Court.

upon his alleged misunderstanding of Long Beach's corporate history, is also meritless.[4] Ezekoye fails to explain how his alleged lack of knowledge affected his decision to voluntarily dismiss his state court action. We therefore will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).[5]

---

[4] Long Beach states that it changed its name to Ameriquest Mortgage Company. Although Ezekoye's argument is unclear, he appears to dispute a legal relationship between these two entities.

[5] Ezekoye's motion to supplement the record is denied. The documents Ezekoye seeks to submit are either not part of the District Court records or are duplicative of documents already submitted to the Court.