NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2491
_____

CLAUDE TOWNSEND,

Appellant

v.

JUDGE PETER J. CALDERONE, in his official capacity as a Member of the Department
of Labor and Workforce Development Workers' Compensation; JUDGE WILLIAM
LAKE, in his official capacity as a member of the Department of Labor and Workforce
Development Workers' Compensation; COMMISSIONER DAVID J. SOCOLOW, in his
official capacity as a member of the State of New Jersey Department of Labor; CARL
PULASKI, in his capacity as a member of NJ Transit; JOSEPH A. BUTTERFIELD, in
his official capacity as a member of NJ Transit; MIKE CRIBB, in his official capacity as
a member of Amalgamated Transit Union Division 540; STEVE SZUCSIK, in his official
capacity as a member of Amalgamated Transit Union Division 540; MIRIAM Z.
MANIYA; WILLIAM V. ROEDER, in his official capacity as a member of the State
Board of Medical Examiners; JOHN DOES 1-10; JANE DOES 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 10-cv-01136)
District Judge: Honorable Garrett E. Brown, Jr.
_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
and Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 26, 2010
Before: RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: October 5, 2010)

_____

OPINION

_____

PER CURIAM

In the District Court, Claude Townsend submitted a complaint pro se asserting claims in connection with his inability to obtain workers' compensation benefits. He later filed a motion for leave to proceed in forma pauperis ("IFP"). By order entered May 18, 2010, the District Court denied Townsend's IFP motion on the ground that his claims are collaterally estopped by the dismissal of Townsend's similar complaint in Townsend v. Calderone, D.N.J. Civ. No. 09-cv-03303. Townsend appeals.[1]

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's denial of leave to proceed IFP for abuse of discretion. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). We conclude that the District Court abused its discretion here. In this Circuit, leave to proceed IFP generally turns solely on indigence. See id. at 1084 n.5; Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). If the plaintiff is unable to pay the filing fee, leave to proceed IFP generally should be granted. See Deutsch, 67 F.3d at 1084 n.5. If a district court grants IFP status, it may then decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2). See id. (addressing former §

_____

[1] Townsend's motion for leave to proceed IFP in this Court is granted. His motion to expedite this appeal is denied as moot in light of our disposition.

2

1915(d)); Roman, 904 F.2d at 194 n.1 (same).  What it generally may not do, however, is deny leave to proceed IFP on the basis of non-financial considerations such as the merits of the plaintiff's complaint.  See Sinwell v. Shapp, 536 F.2d 15, 18-19 (3d Cir. 1976).

We have recognized that denial of leave to proceed IFP for other than financial reasons might be warranted under "extreme circumstances."  Deutsch, 67 F.3d at 1084 n.5.  The District Court concluded merely that Townsend's claims are barred by collateral estoppel.  The District Court ultimately may be right, and we express no opinion on that issue.  We conclude, however, that any  deficiency with Townsend's complaint does not justify denying leave to proceed IFP instead of addressing his claims within the proper legal framework.

Accordingly, we will summarily vacate the District Court's order denying Townsend leave to proceed IFP.  On remand, the District Court should decide Townsend's IFP motion on financial grounds alone and then conduct such further proceedings as may be necessary consistent with this opinion.  See 3d Cir. L.A.R. 27.4 (2010); 3d Cir. I.O.P. 10.6.

3