GLD-117                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4263
_____

JAMOD KHALIL ROHN,
Appellant,

v.

EDWARD JOHNSTON, "Eddie"; W. LEGGETT; M.
SKOBEL; BRIAN V. COLEMAN; FRANK NUNEZ; JOAN
L. MANN; DABRA A. HAWKINBERRY; MR. GEORGE,
Male Nurse; DEWAYNE BAILEY; MR. NEWTON,
Program Review Committee; CINDY G. WATSON,
Chief Grievance Officer; TIMOTHY I. MARK; ERIE
T. ARMEL; DOYLE J. BURSEY, In each individual(s)
and personal capacities and Official Capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 10-cv-01045)
District Judge: David Stewart Cercone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 17, 2011

Before: AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed :March 1, 2011)
_____

OPINION
_____

PER CURIAM

        Appellant Jamod Khalil Rohn filed a civil rights action in the United States

District Court for the Western District of Pennsylvania, alleging violations of his rights

under the Eighth Amendment, but he neglected to either pay the filing fee of $350.00 or submit a motion to proceed in forma pauperis, 28 U.S.C. 1915(a)(1) ("any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor…"). On August 10, 2010, the Magistrate Judge issued an Order notifying Rohn of the requirement to either pay the filing fee or file the required motion and submit a signed inmate account statement. Rohn was given a deadline of August 31, 2010.

On August 30, 2010, Rohn mailed from prison the following items: (a) a signed certificate of inmate account activity indicating an account balance of $0.00; and (b) a trust account statement of activity from March 11, 2010 through August 20, 2010. See Docket Entry Nos. 3-4. These items were received and filed in the district court beginning on September 1, 2010.[1] On September 7, 2010, the Magistrate Judge issued an Order for Rohn to show cause why his case should not be dismissed for failure to comply with the August 10, 2010 order.[2] When Rohn did not respond to the show cause order, the District Court, in an order entered on October 7, 2010, dismissed his civil action without prejudice for failure to pay the filing fee.

Rohn appeals. We have jurisdiction under 28 U.S.C. § 1291. See Remick v. Manfredy, 238 F.3d 248, 254 (3d Cir. 2001) (if plaintiff cannot cure defects or declares his intention to stand on motion, order dismissing without prejudice is appealable); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (same).

---

[1] It appears that the items were filed twice on the docket.

[2] The show cause order did not specify what was missing from Rohn's attempt to establish his indigency.

2

Our Clerk granted Rohn leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. In his response, Rohn states that he mailed a signed certificate of inmate account activity and a six-month account statement from the prison by the court's deadline, see Houston v. Lack, 487 U.S. 266 (1988). He thus complied with the court's order and is entitled to proceed in forma pauperis.

We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. In addition to requiring "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint," 28 U.S.C. § 1915(a)(2), the in forma pauperis statute also provides that "a person … submit[] an affidavit that includes a statement of all assets such prisoner possesses [and declare] that the person is unable to pay such fees or give security therefor." See id. at 1915(a)(1). "Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Id.

Although Rohn submitted a signed certificate of his account activity indicating an account balance of $0.00 and a six-month trust account statement, see Docket Entry Nos. 3-4, and mailed these items from the prison by the court's deadline, cf. Houston, 487 U.S. at 276 (notice of appeal filed at time petitioner delivered it to prison authorities for mailing to court clerk), he did not submit the required affidavit of poverty. Rohn's submissions, even if construed as a motion to proceed in forma pauperis, did not contain the required affidavit of poverty identifying all of his assets and a declaration that he was

3

unable to pay the required fees. There thus was no way for the District Court to properly determine his current eligibility to proceed without prepayment of the fees, see Sinwell v. Shapp, 536 F.2d 15, 19 n.14 (3d Cir. 1976) (district court must pass on sufficiency of affidavit of poverty). Rohn stated in his Notice of Appeal that a different Magistrate Judge granted his motion to proceed in forma pauperis in a prior civil rights action, Rohn v. Beard, D.C. Civ. 08-cv-00185, but in that case he appears to have submitted the required "Motion and Declaration In Support of Motion to Proceed In Forma Pauperis," see Docket Entry No. 3.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing the complaint without prejudice for failure to either pay the filing fee or submit a *complete* motion to proceed in forma pauperis.