DLD-304                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1891
_____

ALEJANDRO IZQUIERDO,
Also on behalf of the Minors G, A, M and J

v.

STATE OF NEW JERSEY; NEW JERSEY DIVISION OF YOUTH AND FAMILY
SERVICES; NEW JERSEY OFFICE OF THE PUBLIC DEFENDER

Alejandro Izquierdo,
                                        Appellant
_____

On Appeal from the United States District Court for the District of New Jersey
(D.N.J. Civ. No. 2-12-cv-07298)
District Judge:  Honorable Dickinson R. Debevoise
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2), or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 27, 2013

Before: AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: July 25, 2013 )
_____

OPINION
_____

PER CURIAM

Alejandro Izquierdo filed a pro se complaint in the District Court asserting that the Defendants violated his constitutional rights during proceedings regarding his son and other minors. He also filed an application to proceed in forma pauperis ("IFP") with the complaint. By order entered January 14, 2013, the District Court denied Izquierdo's IFP application on the ground that the court "must abstain because the claims are [the] subject of litigation in the state courts." Izquierdo apparently wrote the court seeking reconsideration (the letter-motion does not appear on the docket), and the court wrote back, explaining its prior order regarding abstention. The court entered an order denying the motion for reconsideration the same day, February 28, 2013. Izquierdo filed a notice of appeal on March 22, 2013.

We have jurisdiction under 28 U.S.C. § 1291. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001) ("[A]n order denying leave to proceed I.F.P. is a final, collateral order appealable under 28 U.S.C. § 1291"). Because Izquierdo filed a timely motion for reconsideration in the District Court, as determined by the January 31, 2013, date noted in the court's letter, see Fed R. Civ. P. 59(e), the scope of our review extends to both the order denying the IFP application, as well as the order denying reconsideration. See Fed. R. App. P. 4(a)(4)(A)(iv).

We review the District Court's decision to deny leave to proceed IFP for an abuse of discretion. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). We

2

conclude that the District Court abused its discretion in this case. In this Circuit, leave to proceed IFP is determined solely on the basis of indigence.[1] Id. at 1084 n.5. If a plaintiff is unable to pay the filing fee, leave to proceed IFP should be granted. Id. If leave is granted, the District Court then may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2). Id. What a District Court generally may not do, however, is deny leave to proceed IFP on the basis of non-financial considerations. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Here, the District Court did not deny Izquierdo's application due to financial considerations, but rather on the basis that the court would likely abstain from adjudicating the claims. The District Court may ultimately be correct regarding abstention, but we express no opinion on the issue. Further, we acknowledge that the court may have intended to warn Izquierdo that, even if he elected to proceed, his complaint would be dismissed. Nonetheless, this perceived deficiency in Izquierdo's complaint does not justify denying leave to proceed IFP on non-financial grounds.

Accordingly, we will summarily vacate the District Court's orders denying Izquierdo leave to proceed IFP and denying reconsideration. On remand, the District Court should decide the IFP application on financial grounds alone and then conduct such further proceedings as may be necessary consistent with this opinion. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] We have left open the possibility that "extreme circumstances" may justifying denying IFP status to an otherwise eligible applicant. Deutsch, 67 F.3d at 1084 n.5. Such circumstances are not present here.

3