CLD-152                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2038
_____

JONATHON K. GADRA-LORD,
Appellant

v.

JOHN DOE, employed or Contracted to the Medical Department of SCI - Mahanoy and
the PA Department of Corrections DR.  LISIAK; JANE or JOHN DOE, medical
personnel who were delegated to assess any medical needs I had throughout my time in
the infirmary; LT. BISCOE; LT. BUTTS; LT. WAGNER; JOHN DOE, any Correctional
Officer who deliberately ignored the fact that I had history of seizures and gave an order
that directly resulted in the conditions that led to my fall; JOHN DOE, any Correctional
Officer who was in charge of administering food rations to each inmate housed in the
infirmary who refused to supply me with necessary sustenance and is also responsible for
administering toiletries and hygiene supplies
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:15-cv-00540)
District Judge:  Honorable Yvette Kane
_____

Submitted on a Motion to Reopen, a Motion to Proceed In Forma Pauperis, for Possible
Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2018
Before:  CHAGARES, GREENAWAY, Jr., and GREENBERG, Circuit Judges

(Opinion filed: June 11, 2018)

OPINION[*]

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Jonathon Gadra-Lord appeals the District Court's order granting the defendants' motions for summary judgment and dismissing his prisoner civil rights action for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). For the reasons that follow, we will affirm.

Gadra-Lord, a prisoner at SCI-Mahanoy, suffers from a seizure disorder. In May 2013, he fell from a top bunk while experiencing a seizure. As a result, he became temporarily paralyzed and spent four days in the hospital, followed by approximately two weeks in the prison infirmary. Gadra-Lord claimed that prison officials failed to protect his safety by ordering him to use a top bunk and failed to arrange for adequate care as he recovered from his injuries. He also asserted that a doctor in the prison infirmary completely denied medical care. The doctor and the prison officials filed separate motions for summary judgment, arguing, inter alia, that Gadra-Lord failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA). A Magistrate Judge recommended granting those motions on that basis. Over Gadra-Lord's objections, the District Court adopted the Reports and Recommendations, granted the defendants' motions for summary judgment, and entered judgment in favor of the defendants. Gadra-Lord appealed.[1]

---

[1] On August 21, 2017, the Clerk dismissed the appeal because Gadra-Lord failed to submit a prison account statement in support of his application to proceed in forma pauperis (IFP). Thereafter, Gadra-Lord filed a motion to reopen and a prison account statement. The motion to reopen is granted because Gadra-Lord demonstrated good cause. See Fed. R. App. P. 3(a); 3rd Cir. LAR 3.3 & Misc. 107.1(a). The motion to

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's order granting summary judgment. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

The PLRA prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). "Proper exhaustion of administrative remedies is necessary" to satisfy the PLRA's exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006). An untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the exhaustion requirement, thereby precluding an action in federal court. See id. at 84, 90-91; Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir.

---

proceed IFP is also granted. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Gadra-Lord is required to pay the full $505.00 fee in installments regardless of the outcome of the appeal. The Court hereby directs the warden or his or her designee to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the notice of appeal. The warden, or his or her designee, shall calculate, collect, and forward the initial payment assessed in this order to the Middle District of Pennsylvania. In each succeeding month when the amount in Gadra-Lord's account exceeds $10.00, the warden, or his or her designee, shall forward payments to the United States District Court for Middle District of Pennsylvania equaling 20% of the preceding month's income credited to Gadra-Lord's account until the fees are paid. Each payment shall reference the appellate docket number for this appeal. The warden, or his or her designee, shall forward payments to the appropriate courts simultaneously if there are multiple orders.

2004) (holding that the PLRA's exhaustion requirement contains a procedural default component). If prison officials thwart a prisoner's ability to exhaust his administrative remedies, however, those remedies are not considered "available" within the meaning of § 1997e. See Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002). In determining whether a prisoner has met the exhaustion requirement of the PLRA, we look to the prison's procedural rules. Jones v. Bock, 549 U.S. 199, 218 (2007). The Commonwealth's inmate grievance process, outlined in DC-ADM 804, consists of three stages of administrative review that are governed by specific time limits. See Booth v. Churner, 206 F.3d 289, 292 n.2 (3d Cir. 2000).

We agree that Gadra-Lord did not exhaust his administrative remedies with respect to the claims brought in his compliant. The defendants' motions for summary judgment were supported by prison officials' affidavits and copies of Gadra-Lord's grievances. According to that evidence, Gadra-Lord filed numerous grievances between the date of his injury and the filing of his complaint. But only one of those grievances pertained to the subject of his complaint.[2] Specifically, in a grievance received in March 2015, Gadra-Lord complained about being placed in the top bunk and his treatment while in the prison infirmary. That grievance was denied as untimely on March 9, 2015, because it was filed almost two years after the incidents. See DC-ADM 804, § 1.A.14

---

[2] As the prison defendants explained in their motion for summary judgment, the other grievances that Gadra-Lord submitted during the relevant time period alleged that he was denied a family visit, that his mail was being returned to the sender, and that he was placed in a dirty cell and was denied a pillowcase. Gadra-Lord did not appeal from the denial of those grievances at the initial review stage.

(effective Dec. 8, 2010) (providing that the "inmate must submit a grievance for Initial Review to the Facility Grievance Coordinator within 15 working days after the event upon which the claim is based."). Gadra-Lord did not properly appeal that denial.[3] Therefore, he had not exhausted all available administrative remedies prior to filing his complaint on March 18, 2015. See Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002).

Gadra-Lord argued that the exhaustion requirement should be excused because he was unable to file a grievance while in the infirmary, which does not contain a "grievance box." Notably, however, while in the infirmary, Gadra-Lord was able to file grievances pertaining to mail delivery and family visits. In addition, Gadra-Lord failed to explain why he waited almost two years after being discharged from the infirmary to file a grievance related to the issues raised in his complaint. Cf. Pyles v. Nwaobasi, 829 F.3d 860, 867 (7th Cir. 2016) (stating that "evidence that the prisoner … was not diligent … would preclude a finding of exhaustion"). In his opposition to the prison doctor's motion for summary judgment, Gadra-Lord submitted statements from three inmates who described their problems with the grievance process at various Department of Corrections

---

[3] It appears that Gadra-Lord attempted to appeal the initial denial of his grievance, but he submitted that appeal to Secretary's Office of Inmate Grievances and Appeals (SOIGA), which provides final review, rather than to the facility manager, who handles intermediate review of grievance denials. We note that the SOIGA rejected the appeal for failure to follow the proper grievance procedures on March 31, 2016, approximately one year after Gadra-Lord filed his complaint. See Woodford, 548 U.S. at 88 ("a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.").

facilities.  Those statements, however, fail to raise a genuine issue of material fact concerning the availability of administrative remedies to <u>Gadra</u>-Lord while he was in the infirmary at SCI-Mahanoy.  Finally, <u>Gadra</u>-Lord claimed that he gave "C.O. Zendarski a grievance concerning this case."  But that allegation, which failed to describe the grievance or indicate when <u>Gadra</u>-Lord allegedly submitted it, cannot preclude summary judgment.  See  <u>SEC v. Bonastia,</u> 614 F.2d 908, 914 (3d Cir. 1980) ("Denials in the form of legal conclusions, unsupported by documentation of specific facts, are insufficient to create issues of material fact that would preclude summary judgment.").  Accordingly, we conclude that <u>Gadra</u>-Lord failed to offer adequate evidence to create a genuine issue of material fact that he completed the grievance process before filing his complaint.

For the foregoing reasons, we will summarily affirm the District Court's judgment.