CLD-063                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2819
_____

SAAED MOSLEM,
                                        Appellant

v.

WARDEN, F.C.I. FORT DIX
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:23-cv-06112)
District Judge:  Honorable Karen M. Williams

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 25, 2024
Before:  KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed: February 16, 2024)
_____

OPINION[*]
_____

PER CURIAM

        Saaed Moslem, a federal prisoner currently incarcerated at FCI Fort Dix,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

appeals from orders of the United States District Court for the District of New Jersey dismissing for lack of jurisdiction his petition under 28 U.S.C. § 2241 and denying his motion for reconsideration. We will summarily affirm.

Moslem filed a § 2241 petition alleging that the Bureau of Prisons improperly based his "Custody and Classification score" on an alleged threat that he made to his sentencing judge. (ECF 1, at 2.) According to Moslem, an investigation "determined that [he] did not engage in any act of threatening anyone, much less the sentencing judge." (Id. at 6.) He claimed that the classification score "prevent[ed] his transfer and housing at a lower (albeit appropriate) facility." (Id. at 2.) Moslem sought an order directing the Bureau of Prisons to "remove the [Public Safety Factor] from [his] file, and immediately remove [him] from the present facility and transfer him to a facility [most] suitable." (Id. at 7.) The District Court sua sponte dismissed the § 2241 petition for lack of jurisdiction without prejudice, holding that the claims were not cognizable in federal habeas. (ECF 4 & 5.) Moslem filed a motion for reconsideration (ECF 6), which the District Court denied. (ECF 7.) Moslem timely appealed.[1] (ECF 8.)

We have jurisdiction under 28 U.S.C. § 1291. Our review of the order dismissing the § 2241 petition is plenary, Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam), and we review for abuse of discretion the denial of the motion for

---

[1] On November 28, 2023, the Clerk dismissed the appeal because Moslem failed to pay the fees or submit an application to proceed in forma pauperis (IFP). The next day, Moslem filed a motion to reopen and an IFP application. The motion to reopen is granted because it is timely and because Moslem demonstrated good cause. See Fed. R. App. P. 3(a); 3rd Cir. LAR 3.3 & Misc. 107.1(a). The application to proceed IFP is also granted. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).

2

reconsideration.  See Max's Seafood Café, ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

We agree with the District Court that Moslem's challenge to his custody classification is not cognizable in a § 2241 petition because he does not challenge the basic fact or duration of his imprisonment, which is the "essence of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Nor does he challenge the execution of his sentence within the exception provided for in Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).  In Woodall, we held that a prisoner could bring a § 2241 petition challenging a BOP regulation that limited placement in a Community Corrections Center because the BOP refused to "carry[] out" Woodall's sentence, wherein the District Court recommended that Woodall spend the last six months in a halfway house.  Id. at 238.  Specifically, we determined that Woodall's claims "crossed[ed] the line beyond a challenge to, for example, a garden variety prison transfer."  Id. at 243.  "[T]o challenge the execution of his sentence under § 2241, [an inmate] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."  Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012).

Here, Moslem did not allege that his custody classification conflicts with his sentence.  Indeed, he did not argue the sentencing court expressed any view about the appropriate security designation for him.  Instead, the claims in Moslem's § 2241 resemble challenges to the "garden variety" custody levels that Woodall indicated were excluded from the scope of § 2241.  Thus, the District Court correctly dismissed

3

Moslem's § 2241 petition. We also conclude that the District Court did not abuse its discretion in denying Moslem's motion for reconsideration, which essentially was an effort to re-litigate his earlier challenge to the assignment of a particular classification level. See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011) (explaining that "[t]he scope of a motion for reconsideration … is extremely limited" and may not "be used as an opportunity to relitigate the case").

For the foregoing reasons, we conclude that the appeal presents no substantial question. Therefore, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6.