DLD-252                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2036
_____

ASIA JOHNSON,
                                             Appellant

v.

JACOB ROTHSCHILD
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-18-cv-00495)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 28, 2018

Before:  JORDAN, SHWARTZ and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 16, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Asia Johnson, proceeding pro se, appeals from the District Court's dismissal of her action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will summarily affirm the judgment of the District Court.

Johnson submitted a complaint in the District Court asserting a claim against a defendant who apparently resides in the United Kingdom. Johnson's complaint is far from a model of clarity, but appears to complain about "death threats" against her on defendant's family social media sites. See Compl. at ¶ III. She claims to be seeking the court's assistance in "liv[ing] a free peaceful life . . . ." Id. at ¶ IV. Johnson's complaint was accompanied by a motion for leave to proceed in forma pauperis ("IFP"). By order entered April 18, 2018, the District Court concluded that Johnson's claim was frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B), and that amendment would be futile. Accordingly, it dismissed the action. The District Court further concluded that it could not grant Johnson IFP status based upon the statements set forth in her complaint. As such, it denied her IFP request as moot. Johnson appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Johnson's complaint as frivolous. See Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). We construe the complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and may summarily affirm the District Court's order if there is no substantial question presented by the appeal. See Third Cir. LAR 27.4 and I.O.P. 10.6. We may affirm for any reason supported by the record. See Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

In this Circuit, leave to proceed IFP generally turns solely on indigence. See Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995); Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). If the plaintiff is unable to pay the filing fee, leave to proceed IFP generally should be granted. See Deutsch, 67 F.3d at 1085 n.5. If a District Court grants IFP status, it may then decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2). See id. (addressing former § 1915(d)); Roman, 904 F.2d at 194 n.1 (same). What it generally may not do, however, is deny leave to proceed IFP on the basis of non-financial considerations such as the merits of the plaintiff's complaint. See Sinwell v. Shapp, 536 F.2d 15, 18-19 (3d Cir. 1976).[1] Here, the District Court seems to have conflated the IFP and merits analyses, even though, as the District Court itself acknowledges at one point, see Mem. Order at 1-2, they should be handled separately.

It is clear from Johnson's motion submitted to the District Court that she is eligible for IFP status based on her economic situation. It is equally clear, however, that the District Court correctly determined that Johnson's complaint is frivolous within the meaning of § 1915(e)(2)(B). See Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) (a complaint is frivolous if it "lacks an arguable basis either in law or in fact"). Likewise, the District Court did not abuse its discretion in concluding than any amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

---

[1] We have recognized that denial of leave to proceed IFP for other than financial reasons might be warranted under "extreme circumstances," Deutsch, 67 F.3d at 1084 n.5, but we perceive none here.

3

Accordingly, we will summarily affirm the District Court's judgment but direct that it modify its order to grant Johnson's IFP motion.  <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.