BLD-270                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2200
_____

ASIA JOHNSON,
                                                  Appellant

v.

QUEEN ELIZABETH
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00611)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2018

Before:  RESTREPO, BIBAS and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 2, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Asia Johnson appeals the District Court's order dismissing her complaint and denying her application to proceed in forma pauperis as moot. For the reasons below, we will summarily affirm the District Court's order with a modification.

Johnson filed a complaint naming Queen Elizabeth as a defendant. She alleged that America was having a constitutional crisis and that Democrats and Republicans were failing to provide clean air and water to Pittsburgh. As relief, she requested that the infrastructure be fixed and the nation restored. The District Court sua sponte dismissed the complaint before service as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and denied her application to proceed in forma pauperis as moot. Johnson filed a timely notice of appeal.

In determining whether to grant an application to proceed in forma pauperis, the District Court should only consider whether the applicant is economically eligible. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). It is only after leave to proceed in forma pauperis has been granted that the analysis under 28 U.S.C. § 1915(e)(2)(B) is undertaken, and a complaint may be dismissed as frivolous. See Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995); Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). Thus, the District Court erred in denying the application to proceed in forma pauperis as moot. It should have addressed the application before screening the complaint.

Johnson indicated in her application filed in the District Court that she had income of $653 per month and expenses of approximately $536 per month. A litigant need not be "absolutely destitute" or contribute his or her "last dollar" in order to qualify for in

2

forma pauperis status.  See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).  Thus, we conclude that Johnson is financially eligible to proceed in forma pauperis.

Our review of a District Court decision dismissing a complaint as frivolous is plenary.  Roman, 904 F.2d at 194.  An action or appeal can be frivolous for either legal or factual reasons.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  We may also affirm the District Court on any ground supported by the record.  Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  A complaint may be dismissed under § 1915(e)(2)(B) for failure to state a claim.

We agree with the District Court that Johnson's complaint was properly dismissed under § 1915(e)(2)(B).  While Johnson named Queen Elizabeth as the sole defendant, she listed no actions taken by Queen Elizabeth which caused Johnson any harm.  Thus, she failed to state a claim against the Queen.

Nor did the District Court err in not allowing Johnson to amend her complaint.  While generally a plaintiff should be given leave to amend a complaint subject to dismissal, the District Court correctly determined that allowing Johnson leave to amend her complaint would have been futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Based on her allegations, there are no additional facts Johnson could plead that would overcome the deficiencies in her complaint.

Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, we will summarily affirm

3

the District Court's judgment but direct that it modify its order to grant Johnson's application to proceed in forma pauperis. See 3d Cir. LAR 27.4; I.O.P. 10.6.