ALD-012                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2349
_____

ASIA JOHNSON,
                                        Appellant

v.

ROTHSCHILD
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00606)
District Judge:  Honorable Mark R. Hornak
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2018
Before:  MCKEE, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: November 6, 2018)
_____

OPINION[*]
_____

PER CURIAM

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Asia Johnson appeals the District Court's dismissal of her civil action and denying her application to proceed in forma pauperis as moot. For the reasons below, we will summarily affirm the District Court's order with a modification.

Johnson initiated the lawsuit by filing a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, together with a complaint naming "Rothschild" as the lone defendant. As a resident of Pennsylvania, Johnson asserted federal court diversity of citizenship jurisdiction under 28 U.S.C. § 1332, identifying Rothschild as a resident of the United Kingdom. In the complaint, Johnson alleged that "Pittsburgh air is the most polluted in the nation our climate is based on our behavior and how the Rothschild control our weather and what released in our air" [sic]. (Complaint, ¶III Statement of Claim.) As relief, Johnson requested "clean air better control on our climate." (Id., ¶IV Relief.)[1]

The assigned Magistrate Judge issued a report and recommendation to dismiss the action under § 1915(e)(2)(B) of the in forma pauperis statute. The Magistrate Judge determined that Johnson's claims and the relief embraced an inarguable legal conclusion, presented fanciful factual allegations, and was based on a "fantastic or delusional" factual scenario. (See May 14, 2018 Report and Recommendation at 3, citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).) Thus, the Magistrate Judge concluded that the

_____

[1] As an exhibit to the complaint, Johnson attached a letter and a certificate dated April 25, 2018, written on behalf of President Donald J. Trump, concerning Johnson's inclusion in the Republican Presidential Honor Roll.

complaint was frivolous within the meaning of § 1915(e)(2)(B), and that granting leave to amend the complaint would be futile. The Magistrate Judge further recommended denying Johnson's in forma pauperis application as moot. Johnson filed objections. The District Court considered Johnson's objections but adopted the report and recommendation, dismissed the action, and denied the in forma pauperis motion as moot.

Johnson appeals. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We may affirm for any reason supported by the record. See Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

We first address the District Court's disposition of Johnson's in forma pauperis motion. A district court's determination of whether to grant a motion to proceed in forma pauperis should focus on the applicant's financial eligibility. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). An analysis of the complaint under 28 U.S.C. § 1915(e)(2)(B) is appropriate only after a litigant is granted leave to proceed pursuant to the in forma pauperis statute. See Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995) (discussing procedure of determining in forma pauperis status, followed by consideration of whether a complaint is "frivolous or malicious" under former § 1915(d)). Here, the District Court erred in denying Johnson's in forma pauperis motion as moot. Instead, the District Court should have addressed the motion before subjecting the complaint to the screening provisions of the in forma pauperis statute. Johnson indicated in her motion filed in the District Court that she had income of $653 per month

3

and $200 in cash or savings, while her expenses totaled approximately $536 per month. A litigant need not be "absolutely destitute" or contribute his or her "last dollar" in order to qualify for in forma pauperis status. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). On this record, we conclude that Johnson was financially eligible to proceed in forma pauperis when she filed her complaint.

We now turn to the District Court's analysis of Johnson's complaint. We exercise plenary review over the District Court's dismissal of the case as frivolous or legally without basis. See Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). We agree with the District Court's assessment of the allegations contained in Johnson's complaint. See Neitzke, 490 U.S. at 325 (a complaint is frivolous if it "lacks an arguable basis either in law or in fact"). Moreover, while generally a plaintiff should be given leave to amend a complaint subject to dismissal, we discern no error in the District Court's determination here that allowing Johnson leave to amend would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court's judgment but direct that it modify its order to grant Johnson's application to proceed in forma pauperis. See 3d Cir. LAR 27.4; I.O.P. 10.6.

4