**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2304
_____

RONALD STOCKTON,
                                        Appellant

v.

SUPERINTENDENT THOMAS S. MCGINLEY; DEPUTY SEC'Y ROBERT MARSH;
DEPUTY SUPERINTENDENT GIBSON; MAJOR BURNS; LIEUTENANT
COHOON; SGT. EVANS; CAPTAIN R. DELTON; CORRECTIONAL OFFICER
FENSTERMACHER; CORRECTIONAL OFFICER R. BERGERON; HEARING
EXAMINER J. YODIS; LT. DRUCTS; C.O. RANDALL; P.S.A. MCDONALD;
DEPUTY NICKLOW; C.O. LAZICKI; SUPERINTENDENT BARRY SMITH;
DEPUTY SUPT. D.J. CLOSE; CAPT. ACEY; SGT. STAMM; CAPT. MILLER;
MAJOR BORROWS; C.O. M. MILLER; C.O. J. MILLER; C.O. TREON; C.O.
MAKON; LT. DETWILER; C.O. BRIDDLE; C.O. GARNER; C.O. DUFOUR; SGT.
VERESHACK; C.O. MARTIN; LT. WOOMER; O'KEEFE COMMISSARY; PRISON
COMMISSARY INDUSTRIES; CAPT. SHEA; C.O. VICKLAND; C.O. PATRICK;
CAPT. KNOWLES; C.O. HUNT; SGT. YOUNG; LT. KHUNS; C.O. HERSHBERGER;
C.O. SULLIVAN; NURSE SIMINGTON; LT. BEAL; C.O. LANDON;
CORRECTIONAL OFFICER M. BROWN; C.O. RAYMAR

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-22-cv-00902)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 15, 2024

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: August 13, 2024)

OPINION*

PER CURIAM

Pennsylvania state prisoner Ronald Stockton appeals pro se from the District Court's decision dismissing his civil-rights lawsuit with prejudice for failure to prosecute and imposing a filing injunction against him. For the reasons that follow, we will affirm that judgment.

I.

Stockton commenced this lawsuit in the District Court in June 2022, seeking relief against numerous prison officials (hereinafter "Appellees") and moving to proceed IFP. In July 2022, the District Court granted Stockton's IFP motion, noting that the filing fee would be paid in installments pursuant to 28 U.S.C. § 1915(b). In November 2022, Appellees moved to revoke Stockton's IFP status, arguing that his financial situation had changed because he had received a $1000 gift in October 2022. In January 2023, the District Court granted Appellees' motion, revoked Stockton's IFP status, and gave him 30 days to pay the remaining balance of his filing fee. In doing so, the District Court agreed with Appellees that, in view of the $1000 gift, Stockton "now has the means available to pay the remaining portion of his filing fee." Dist. Ct. Dkt. No. 71, at 16.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Instead of paying the filing-fee balance, Stockton moved to reinstate his IFP status, which Appellees opposed. In March 2023, the District Court denied that motion and directed him "to show cause why an injunction should not be entered precluding him from proceeding [IFP] in future actions." Dist. Ct. Dkt. No. 89, at 7. In support of that decision, the District Court highlighted Stockton's extensive litigation history in that court and certain Pennsylvania state courts. The March 2023 order also directed Stockton to pay the filing-fee balance within 30 days, and it noted that if he did not do so, his case "will be dismissed." Id. at 8.

Next, Stockton opposed the District Court's proposed filing injunction, again sought to reinstate his IFP status, and made several miscellaneous filings. But he did not pay the full filing-fee balance. As a result, in June 2023, the District Court (1) dismissed his case with prejudice for failure to prosecute after discussing the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), and (2) enjoined him from proceeding IFP "in future filings with this court absent a showing of imminent danger as set forth in 28 U.S.C. § 1915(g)." Dist. Ct. Dkt. No. 118, at 11. This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We review a district court's IFP rulings for abuse of discretion, see Sinwell v. Shapp, 536 F.2d 15, 19

---

[1] Stockton filed a timely motion for reconsideration contemporaneously with his notice of appeal. In November 2023, the District Court denied that motion. Because Stockton did not subsequently file a new notice of appeal or amend his original notice to include a

3

(3d Cir. 1976), and we apply that same standard when reviewing a district court's dismissal for failure to prosecute, see Davis v. Samuels, 962 F.3d 105, 116 n.13 (3d Cir. 2020), and a district court's imposing a filing injunction, see Brow v. Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1993).

Stockton's appellate brief, liberally construed, raises the following arguments: (1) Appellees withdrew $200 from his inmate account (for the purpose of paying part of his filing-fee balance) but did not immediately transmit that money to the District Court, thereby causing the District Court to revoke his IFP status; (2) the District Court denied his motion to reinstate his IFP status and imposed the filing injunction against him because Appellees "falsely convinced the [District] Court that [he] had exceeded three strikes," 3d Cir. Dkt. No. 25, at 2; (3) the District Court should have given him more time to pay the filing-fee balance; (4) the District Court "failed to analyze [his] Amended Complaint under an ongoing continuing practice leading to ongoing continuous harm doctrine," id. at 3; and (5) the District Court "mispresented the facts in it's [sic] application of 28 U.S.C. § 1914," id. at 4. As explained below, none of these arguments entitles Stockton to relief here.

Stockton's first argument is factually inaccurate, for the District Court revoked his IFP status because he received a $1000 gift, not because of any delay in the transmittal of his $200 partial filing-fee payment to the District Court. See Dist. Ct. Dkt. No. 71, at 15-16. His second argument is also factually inaccurate, as the District Court specifically

challenge to the November 2023 order, our jurisdiction does not extend to that order. See Fed. R. App. P. 4(a)(4)(B)(ii).

4

noted that he had no strikes under § 1915(g). See Dist. Ct. Dkt. No. 89, at 5. It was Stockton's litigation history, not an accumulation of strikes under § 1915(g), that undergirded the District Court's decisions denying his motion to reinstate his IFP status and imposing a filing injunction against him. See id. at 5-7.[2]

Stockton's third argument is unpersuasive. The District Court, upon revoking his IFP status, did not require him to immediately pay the balance of the filing fee. Instead, the District Court gave him 30 days to do so, see Dist. Ct. Dkt. No. 72, at 2, and then it effectively extended that deadline by entertaining his motion to reinstate his IFP status. Ultimately, five-and-a-half months elapsed between the District Court's revocation of IFP status and its dismissal of the case for failure to prosecute. Stockton has not established that he was entitled to any additional time, he has not indicated how much more time he should have been afforded, and he has not demonstrated that, with that additional time, he would have paid the filing-fee balance in full.

Stockton's fourth argument appears to concern the substance of the claims in his amended complaint. But this argument would become potentially relevant only if he could first show that the District Court erred in dismissing his case for failure to prosecute — a showing that he has failed to make. As for his final argument, he does not attempt to explain, and we cannot see, how the District Court "misrepresented the facts" in applying § 1914.

---

[2] Appellees did note that Stockton is a three-striker *in Pennsylvania state court*. See Dist. Ct. Dkt. No. 87, at 5. But his three-striker status there was not the basis for the District Court's rulings here.

Stockton has forfeited any other arguments by failing to raise them in his brief. See In re LTC Holdings, Inc., 10 F.4th 177, 181 n.1 (3d Cir. 2021). Accordingly, and because the arguments that he has preserved lack merit, we will affirm the District Court's judgment.