ALD-127                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1221
_____

SATISH EMRIT, Presidential Candidate Number P60005535,
Presidential Committee/Separate Segregated Fund (SSF) Number C00569897
doing business as United Emrits of America,
                                                                    Appellant

v.

ELON MUSK; VIVEK RAMASWAMY; SPEAKER OF THE HOUSE MIKE
JOHNSON; DEPARTMENT OF GOVERNMENT EFFICIENCY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-00061)
District Judge:  Honorable Nora B. Fischer
_____

Submitted on a Motion to Proceed In Forma Pauperis,
for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

April 17, 2025

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed May 12, 2025)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Ronald Satish Emrit commenced this civil rights action in the District Court against Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson, and the Department of Government Efficiency. He asserted that the defendants were trying to make budget cuts to federal programs that would be harmful to African Americans and underprivileged Americans. He sought $500,000,000,000 in damages and injunctive relief.

Upon screening, the District Court stated that Emrit had filed dozens of similar lawsuits throughout the country, including in the United States District Court for the Western District of Oklahoma. The District Court in that case had dismissed the complaint as frivolous and for failure to state a claim. See Presidential Candidate No. P60005535 v. Musk, No. CIV-25-00022-JD, 2025 WL 84988, at *4 (W.D. Okla. Jan. 13, 2025). The District Court in this case adopted that court's analysis and dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Emrit appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal under § 1915(e)(2)(B). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

We will dismiss the appeal because it lacks an arguable basis. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).[1] We agree with the district courts that the complaint suffered from numerous defects, including that Emrit did not allege how he had been

---

[1] Emrit's motion to proceed in forma pauperis is granted. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).

2

personally injured by the defendants' alleged conduct so as to support Article III standing. See Freedom From Religion Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 476 (3d Cir. 2016) (explaining that, in applying the standing rules, a court's "primary project is to separate those with a true stake in the controversy from those asserting the generalized interest of all citizens in constitutional governance" (internal quotation marks omitted)). Given the nature of Emrit's allegations, we conclude that providing him with leave to amend his complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will dismiss the appeal.